UNITED STATES of America,
Plaintiff–Appellee,

v.

John DOE, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

John DOE, Defendant–Appellant.

Nos. 94–30092, 94–30190.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1995.

Decided May 11, 1995.

Carol Koller and Peter Offenbecher, Asst. Federal Public Defenders, Seattle, WA, for defendant-appellant.

Mark N. Bartlett, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: WRIGHT, HALL, and WIGGINS, Circuit Judges.

Opinion by Judge HALL; Concurrence by Judge WIGGINS.

CYNTHIA HOLCOMB HALL, Circuit Judge:

We face a question of first impression under the Juvenile Delinquency Act (the "Juvenile Act"), 18 U.S.C. §§ 5031–5042. We must decide whether an adjudicated juvenile delinquent may be sentenced to a term of supervised release. We conclude that he may not.

**I.**

Appellant John Doe [1] is a member of the Sauk–Suittle tribe. Early in the summer of 1989, he killed a woman on the Sauk–Suiattle reservation in western Washington. He was 17 years old at the time of the killing.

The government sought to try Appellant as an adult. The district court, however, denied

1. Appellant's true identity is protected under 18 U.S.C. § 5038(e).

the government's motion to transfer the case to adult court. *See* 18 U.S.C. § 5032. The district court held a stipulated facts trial, at the conclusion of which it found Appellant guilty of the delinquent act of second degree murder. The district court sentenced Appellant to five years of official detention, the maximum sentence authorized by statute. *See* 18 U.S.C. § 5037(c)(2)(a). It also gave him a five-year term of supervised release.

At the sentencing hearing, Appellant's attorney argued that the Juvenile Act did not authorize supervised release and that Appellant's sentence was illegal insofar as it imposed a term of supervised release. The district court rejected the attack. It reminded Appellant, however, that he had a right to appeal his sentence to this Court. Appellant did not appeal. Nor did he file a 28 U.S.C. § 2255 petition to correct his sentence.

Instead, Appellant spent without complaint the entire term of his official detention, minus time for good behavior, at a juvenile facility in North Dakota. He was released from detention on October 27, 1993 at the age of 21 and immediately began serving his term of supervised release. Within a few weeks, however, he violated the terms of his release by using alcohol, failing to report to his probation officer, and failing to notify his probation officer of a change in address. Appellant was arrested and jailed in an adult facility. At a subsequent hearing, Appellant admitted the violations but again challenged the legality of his sentence to supervised release. The district court rejected Appellant's challenge and issued an order modifying the terms of his release. The modification required that Appellant reside for eight months in a community correction center. Appellant timely appealed, arguing that the district court had no authority to modify the terms of his supervised release because the sentence itself was illegal.

While this appeal was pending, Appellant began his eight-month community treatment stay. Within a few weeks, he again violated the terms of his release, this time by using alcohol and leaving his treatment facility without permission. He was arrested on May 14, 1994. Once again he appeared before the district court and attacked the legali-

ty of his sentence, and once again the district court rebuffed the challenge. This time, the district court revoked Appellant's supervised release and sentenced him to a four-year term of incarceration in an adult facility. The district court, over objection, filed its judgment and commitment under Appellant's real name. Appellant timely appealed. We ordered the case consolidated with his earlier appeal.

The district court had jurisdiction under the Juvenile Act and pursuant to 18 U.S.C. § 1153. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.

## II.

■ We must first decide whether Appellant has waived his right to attack his sentence to supervised release. The problem is that he did not appeal at the time of sentencing. Instead, he waited until his supervised release was revoked before bringing the legality of his sentence up on appeal. The question is whether he ought to be able to proceed. The parties did not address the waiver question in their briefs. We raise it *sua sponte*.

Waiver does not divest the Court of jurisdiction it otherwise enjoys. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 815–16, 105 S.Ct. 2427, 2431–32, 85 L.Ed.2d 791 (1985); *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991) (noting circumstances in which we will review claims otherwise waived for failure to raise them in district court). Waiver is a creature of judicial policy, informed in this purely federal context by concerns of fairness, finality, and economy.

We have carved out special rules to govern the problem of waiver. One of these rules is directly applicable here. As we noted in *United States v. Schlesinger,* "[t]his court will not address waiver if not raised by the opposing party." 49 F.3d 483, 485 (9th Cir. 1995) (addressing waiver issue in context of 28 U.S.C. § 2255 motion); *see also Fagan v. Washington,* 942 F.2d 1155, 1157 (7th Cir. 1991) (similar); *United States v. Lewis,* 798 F.2d 1250 (9th Cir.1986) (refusing to address waiver when government failed to argue waiver in its briefs or at oral argument)

(*amending United States v. Lewis,* 787 F.2d 1318 (9th Cir.1986)).

Here, the government did not argue waiver in its briefs or at oral argument. In fact, counsel for the government at oral argument specifically urged the Court to reach the merits of this appeal. Under these circumstances, we conclude that the government has "waived" any waiver argument it may have had. *See Fagan v. Washington,* 942 F.2d at 1157 (holding that government "waived [its] waiver" argument by failing to raise it). We will address on the merits Appellant's claim of illegal sentence.

### III.

■ The Juvenile Act created a statutory enclave for juveniles accused of criminal misconduct. Among other things, the Act shields juveniles from the ordinary criminal justice system and gives them protective treatment not available to adults accused of the same crimes. *See* 18 U.S.C. §§ 5031–5042. A successful prosecution under the Act, for example, results in a civil adjudication of status, not a criminal conviction. *United States v. Frasquillo–Zomosa,* 626 F.2d 99, 101 (9th Cir.), *cert. denied,* 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980). In addition, juveniles adjudged delinquent under the Act often receive far more lenient treatment than their adult counterparts. *See* 18 U.S.C. § 5037 (setting out sentencing options).

■ The question in this case is whether the Act permits an adjudicated juvenile delinquent to be sentenced to supervised release in addition to a term of official detention. Appellant contends that it does not. He argues that the district court therefore had no authority to jail him for violating the terms of his supervised release. We agree.

■ The Juvenile Act offers four sentencing alternatives for adjudicated juvenile delinquents: (1) a suspended finding of delinquency; (2) restitution; (3) probation; or (4) official detention. *Id.* at § 5037(a). Nothing in the Act authorizes supervised release as a

sentencing option. Although the government admits that the Act does not expressly provide for supervised release, the government urges us to read such a provision into the Act. According to the government, the Act's reference to 18 U.S.C. § 3624 suggests that the legislature intended to make supervised release a permissible sentencing option for juvenile delinquents.[2] The government reads far too much into this passing reference.

Section 3624 is an administrative provision governing the release of adult prisoners from federal detention. It provides such logistical details as the day of the week that prisoners should be released and the procedures for giving credit for good behavior. 18 U.S.C. § 3624(a)–(b). It also requires that prisoners be functionally literate upon release and it directs the Bureau of Prisons to furnish clothing, money, and transportation to departing prisoners. *Id.* at § 3624(d) & (f). It makes one reference to supervised release. In subsection (e), it details the official starting date and certain tolling requirements for adult prisoners whose sentences include a term of supervised release. *Id.* at § 3624(e). Despite the government's creative reading, this largely procedural provision does not authorize supervised release for juvenile delinquents.

In fact, § 3624(e) does not even authorize supervised release for adult defendants. That is left to 18 U.S.C. § 3583, which by its terms does not apply to juveniles prosecuted under the Act. The plain language of § 3583 limits supervised release to defendants convicted of a felony or a misdemeanor. *Id.* at § 3583(a). This does not include juveniles successfully prosecuted under the Act, because adjudication under the Act results in a civil determination of status, not a felony or even misdemeanor conviction. *United States v. Gonzalez–Cervantes,* 668 F.2d 1073, 1076 (9th Cir.1981) (adjudication of juvenile delinquency is neither a felony nor a misdemeanor but a civil determination of status).

We find no statutory authority for sentencing adjudicated juvenile delinquents to super-

---

2. The last line of § 5037(c), which prescribes the maximum term of official detention for juvenile delinquents, provides that "[s]ection 3624 is ap-
plicable to an order placing a juvenile under detention." 18 U.S.C. § 5037(c).

vised release. The government's effort to read such a provision into the Juvenile Act fails. *Cf. Gasho v. United States,* 39 F.3d 1420, 1432 n. 11 (9th Cir.1994) (penal statutes must be construed strictly) (citing *United States v. Wiltberger,* 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820)). The district court had no authority to sentence Appellant to supervised release. The sentence was therefore illegal. *See, e.g., United States v. Cobbs,* 967 F.2d 1555, 1557–58 (11th Cir.1992) (holding that sentence not authorized by statute is illegal); *United States v. Wainwright,* 938 F.2d 1096, 1098 (10th Cir.1991) (same); *cf. Ex Parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916) (holding that probation ordered by a judge without statutory authority violated separation of powers principles). We so hold.[3]

The district court's February 25, 1994 order modifying Appellant's supervised release and its May 27, 1994 order revoking Appellant's supervised release and sentencing him to a four-year prison term are VACATED. This case is REMANDED with instructions to correct Appellant's sentence. The district court is further instructed to seal all materials relating to this juvenile proceeding, including its May 27, 1994 judgment and commitment, as required by 18 U.S.C. § 5038(e).

WIGGINS, Circuit Judge, concurring:

I concur in the majority's opinion. I write separately to add a few comments. The defendant in this case was originally sentenced to five years of detention for second degree murder. He then twice violated the terms of his supervised release, with his second violation resulting in a four-year sentence in an adult correctional facility. That sentence has been vacated by our holding that defendant's original supervised release term was not a permissible sentencing option under the Juvenile Act.

We all hope the defendant has learned his lesson and will not find himself in legal trouble in the future. If he does run afoul of the law, however, he will no longer be able to avail himself of the lenient provisions of the Juvenile Act (the defendant is now over eighteen). Instead, he will face a criminal justice system in which the punishment more accurately reflects the gravity of the crime.

---

**3.** Because we hold the sentence illegal, we do not reach Appellant's other arguments attacking the

revocation of his supervised release.