**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**SEALED APPELLANT, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**SEALED DEFENDANT 1,**
**Defendant–Appellant.**

**Nos. 97–10349, 97–10428.**

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1997.

Delonia Anita Watson, Dallas, TX, Frederick M. Schattman, Assist. U.S. Attorney, Fort Worth, TX, for Plaintiffs–Appellee.

Donel Lee Davidson, Bedford, TX, for Sealed Appellant, Defendant–Appellant.

Timothy William Crooks, Fort Worth, TX, for Sealed Defendant 1, Defendant–Appellant.

Before REYNALDO G. GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In this consolidated appeal, Sealed Defendants challenge district court orders rendered pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5042, sentencing them to terms of official detention followed by supervised release. We vacate those portion of the sentences imposing a term of supervised release.

## I.

In June 1996, the Sealed Defendants[1] were charged with committing an act of juvenile delinquency. The charges stemmed from their participation, along with a third juvenile, in the burning of a cross on the lawn of an African–American couple living in the vicinity of one of the Defendants. At the time of the incident, both Defendants were 16 years of age. In July 1996, the Defendants pled guilty as juveniles under 18 U.S.C. § 5031 to violations of 42 U.S.C. § 3631 and 18 U.S.C. § 2. In connection with the guilty pleas, both Defendants were sentenced to a three-year term of probation and 150 hours of community service. Defendants were also ordered to attend substance abuse programs, group counseling programs, and mental health treatment services.

In November 1996, the district court revoked Defendant # 1's probation for violations of the terms and conditions of his probation. At the time of revocation, Defendant # 1 was 20 years old. The district court imposed a twelve-month term of imprisonment. Defendant # 1 appealed the sentence to this court as exceeding the maximum possible sentence.[2] We granted the unopposed motion to vacate the sentence and remanded for resentencing. On resentencing, the district court sentenced Defendant # 1 to a nine-month term of imprisonment to be followed by a one-year term of supervised release.

In April 1997, Defendant # 3's probation was revoked for violations of the terms and conditions of his probation. Defendant # 3 was 20 years old at the time of the revocation. The district court resentenced Defendant # 3 to a six-month term of imprisonment to be followed by a one-year term of supervised release.

Defendant # 1 filed a notice of appeal to this court, challenging the portion of his sentence imposing supervised release. Defendant # 3 also filed a notice of appeal challenging the part of his sentence imposing supervised release. We consolidated the appeals.

## II.

The only issue in this consolidated appeal is whether a district court may sentence a juvenile whose probation has been revoked to a term of supervised release.

### A. The Statutory Scheme

The Federal Juvenile Delinquency Act ("the Act") provides preferential treatment for persons accused of federal criminal conduct that occurs before their eighteenth birthday. A successful prosecution under the Act results in a civil determination of status rather than a felony or misdemeanor conviction. *United States v. Doe,* 53 F.3d 1081, 1083 (9th Cir.1995) (citations omitted); *United States v. Brian N.,* 900 F.2d 218 (10th Cir.1990). Section 5037 of the Act provides sentencing options for a court that has adjudicated a juvenile to be a juvenile delinquent. Section 5037 contains four sentencing options: (1) a suspended finding of delinquency; (2) an order of restitution; (3) placement on probation; or (4) commitment to official detention. 18 U.S.C. § 5037(a). The statute does not include supervised release as a possible sentencing alternative. Subsections (b) and (c) of § 5037 provide guidelines applicable to sentences of probation and official

---

1. The record refers to Appellants as "Defendant # 1" and "Defendant # 3." For purposes of consistency and clarity, we refer to Appellants by these designations.

2. Under 18 U.S.C. § 5037(c), the sentence imposed upon a juvenile delinquent may not exceed the maximum of the sentencing guideline range

applicable to an otherwise similarly situated adult defendant unless the court finds an aggravating factor sufficient to warrant an upward departure from that guideline range. *United States v. R.L.C,* 503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992).

detention. However, § 5037(b) itself offers no guidance on the revocation of a juvenile's probation.

The Government's argument that supervised release was authorized requires us to consider a number of sentencing provisions we are referred to by § 5037. The Government starts with the last sentence in § 5037(b), which provides: "The provisions dealing with probation set forth in sections 3563, 3564, and 3565 [of Title 18, U.S.C.] are applicable to an order placing a juvenile on probation." 18 U.S.C. § 5037(b). This is a reference to three sections in Title 18 that relate to probation for adult offenders. The government focuses on § 3565, entitled "Revocation of probation," which provides, in relevant part, that

> [i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under subchapter A [18 U.S.C. §§ 3551–3559].

18 U.S.C. § 3565(a).

Subchapter A of Chapter 227, Title 18 of the United States Code provides sentencing options for adults found guilty of a federal offense. These options are (1) a term of probation as authorized by subchapter B, 18 U.S.C. §§ 3561–3566; (2) a fine as authorized by subchapter C, 18 U.S.C. §§ 3571–3574; or (3) a term of imprisonment as authorized by subchapter D, 18 U.S.C. §§ 3581–3586. 18 U.S.C. § 3551(b). Subchapter D of Chapter 227, Title 18, U.S.C., governs terms of imprisonment for adult offenders. Within subchapter D is 18 U.S.C. § 3583. This statute authorizes a court to impose a term of supervised release as part of a sentence of imprisonment. The Government argues that § 3583 authorizes the terms of supervised release the court imposed in this case.

In summary, the Government argues that the reference in 18 U.S.C. § 5037(b) to § 3565, together with the reference in § 3565 to subchapter A of Chapter 227, Title 18, U.S.C., allows a court, upon revocation of a juvenile's probation, to resentence the juvenile under the adult guidelines.

The Appellants, on the other hand, argue that 18 U.S.C. § 5037 provides the only sentencing options for a juvenile and supervised release is not among those options. Thus, according to Appellants, when a juvenile's probation is revoked, he must be resentenced pursuant to the Juvenile Delinquency Act and not the adult offender provisions in Chapter 227 of Title 18, U.S.C. For the reasons that follow, we agree with Appellants that when a juvenile's probation is revoked, that juvenile must be resentenced as a juvenile under 18 U.S.C. § 5037.

### B. Analysis

The four options set forth in 18 U.S.C. § 5037 are the exclusive sentencing options for adjudicated juvenile delinquents. See United States v. Doe, 53 F.3d 1081, 1083 (9th Cir.1995). In Doe, the Ninth Circuit found no statutory authority in the Juvenile Delinquency Act for sentencing adjudicated juvenile delinquents to supervised release. The only difference between Doe and the case at hand is that the term of supervised release was part of the initial sentence in Doe, while in this case the term of supervised release was imposed upon resentencing after probation was revoked. We are not persuaded that a court is authorized to rely on adult sentencing provisions to sentence a juvenile after that juvenile's probation has been revoked.

This is consistent with our analysis in United States v. A Female Juvenile, 103 F.3d 14, 16 (5th Cir.1996). In that case, the fifteen-year-old defendant pled guilty to an act of juvenile delinquency. After serving six months of detention, the defendant was placed on supervised probation until her twenty-first birthday. Four years later, the court revoked the then nineteen-year-old defendant's probation. At resentencing, the court sentenced the defendant to thirty months of detention and stated that it was sentencing the defendant as an adult. The defendant objected, arguing that the only penalty that could be imposed was a penalty that could have been imposed at the time of the initial sentence.

On appeal, the main issue before the court was whether the juvenile's age at the initial sentencing or age at resentencing should be used when resentencing a juvenile. This question was important because § 5037 permits a more severe sentence as the juvenile becomes older. 18 U.S.C. § 5037(c). The court began by stating that after a juvenile's probation is revoked under 18 U.S.C. § 3565, the court "returns to § 5037 to determine the appropriate period of official detention." *Id.* at 16. The court then interpreted § 5037 to require the court to use the defendant's age at resentencing in imposing sentence after probation revocation. *Id.* at 17. The panel declined to approve imposition of an adult sentence and concluded that the sentencing court, when dealing with a juvenile whose probation has been revoked, must resentence the juvenile under § 5037 of the Federal Juvenile Delinquency Act, despite the reference in 18 U.S.C. § 3565 to "resentenc[ing] under subchapter A [of the adult guidelines]."

We disagree with the Government that upon revocation of probation the juvenile is subjected to the adult sentencing scheme in Chapter 227, Title 18 of the United States Code. At resentencing, the juvenile's status has not changed. Critically, the language of 18 U.S.C. § 3583 authorizes supervised release only for defendants convicted of a felony or misdemeanor. *See Doe,* 53 F.3d at 1083. Upon revocation, the juvenile does not stand convicted of a felony or misdemeanor and § 3583 on its face applies only to such convicted persons.

█ In sum, Appellants remained juvenile delinquents after their probation was revoked. Their resentencing should have proceeded under the Federal Juvenile Delinquency Act, and supervised release is not authorized under that act.

### III.

For the reasons stated above, we conclude that a sentence of supervised release for a juvenile whose probation is revoked is not authorized under the Federal Juvenile Delinquency Act. We therefore VACATE the por-

tions of the district court's sentences imposing terms of supervised release.