**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Christopher Joseph DEITZEN,**
**Defendant—Appellant.**

**No. 03–10497.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided July 8, 2004.

Howard J. Zlotnick, AUSA, Brian J. Quarles, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, Plaintiff–Appellee.

David Anthony, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, Frances A. Forsman, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: LAY,* HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Christopher Deitzen pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). At sentencing on September 8, 2003, the district court enhanced Deitzen's base offense level by four levels under U.S.S.G. § 2K2.1(b)(5) (2002) for possessing a firearm in connection with another felony offense. Deitzen appeals his sentence, challenging the enhancement.

Deitzen maintains that the district court did not make specific factual findings on an issue he contested at sentencing: whether he had the state of mind requisite for the felony of possession of a stolen vehicle under Nevada law. Nev.Rev.Stat. 205.273(1)(b) ("A person commits an offense involving a stolen vehicle if the person: ... [h]as in his possession a motor vehicle which he *knows or has reason to believe has been stolen.*") (emphasis added). Under U.S.S.G. § 6A1.3(b) (2002), the district court "shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(c)(1), Fed. R.Crim.P." At the time, Rule 32(c)(1) required in relevant part,

At the sentencing hearing, the court ... must *rule on any unresolved objections to the presentence report.* The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either *a finding on the allegation* or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.

Fed.R.Crim.P. 32(c)(1) (2002) (emphasis added) (quoted portion now found, with modifications, in various subsections of Rule 32(i)). This circuit requires "strict compliance" with Rule 32, *e.g., United States v. Thomas,* 355 F.3d 1191, 1200 (9th Cir.2004), and "a district court's findings under Rule 32(c)(1) must be explicit in order to allow for meaningful appellate review," *id.*

Here, Deitzen disputed that he had knowledge or reason to believe that the car was stolen. The district court investigated the circumstances of the theft, but made no explicit finding whether Deitzen had the requisite knowledge or reason to believe. Such a finding clearly affected the sentencing because, without one of those states of mind, Deitzen did not commit the felony of possession of a stolen vehicle.

In fairness to the district court, Deitzen did not bring to the court's attention either § 6A1.3(b) or the need for more specific findings. One might think this omission should result in waiver or at least plain error review, but as the government makes no such contention on appeal, we find it appropriate to reach Deitzen's argument under the circumstances of this case.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See United States v. Doe,* 53 F.3d 1081, 1082–83 (9th Cir.1995). We remand for the district court to make a factual finding on Deitzen's state of mind.

Additionally, a review of the sentencing transcript leaves us in some doubt as to which underlying felony the district court took as justification for the enhancement. The government maintained that Deitzen possessed the gun in connection with two felonies: possession of a stolen vehicle, Nev.Rev.Stat. 205.273(1)(b), and possession of drug paraphernalia, *id.* §§ 453.554, 453.560. The district court appears to have relied mainly on possession of a stolen vehicle, but some of its comments indicate that it may also have based the enhancement on the alleged drug paraphernalia offense. At resentencing, if the district court again imposes the enhancement, the court should clarify which underlying felony or felonies justify the enhancement and, as explained above, it should make specific findings about any disputed factors that affect the sentence.

In light of our remand, we express no view on Deitzen's separate contentions that (1) the evidence presented to the district court was inadequate to support a finding that he knew or had reason to believe the car was stolen, and (2) his possession of the firearm was not "in connection with" possession of the stolen vehicle under § 2K2.1(b)(5). We also decline the government's suggestion to affirm the enhancement on the basis of Deitzen's alleged possession of drug paraphernalia, because the record is insufficient for us to take that course. Finally, without expressing any view on the merits of the issue, we note that Deitzen is free to raise on remand the question whether the recent decision in *Blakely v. Washington,*

—— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), affects his sentence.

SENTENCE VACATED AND RE-MANDED.