**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JUVENILE MALE,
            *Defendant-Appellant.*

No. 06-30270

D.C. No.
CR-03-00148-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
November 17, 2006—Portland, Oregon

Filed December 14, 2006

Before: Alfred T. Goodwin, Raymond C. Fisher, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Smith

19459

**COUNSEL**

Steven C. Babcock, Assistant Federal Defender, Billings, Montana, for the defendant-appellant.

Marcia Hurd, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

## OPINION

SMITH, Circuit Judge:

The district court adjudged the defendant Juvenile Male a juvenile delinquent because he committed an act that if committed by an adult would have constituted Aggravated Sexual Abuse of a Child under 18 U.S.C. § 2241(c). The district court initially sentenced Juvenile Male to a term of probation extending to his 21st birthday. When Juvenile Male violated several terms of his probation, the district court revoked his probation and re-sentenced him "pursuant to the Sentencing Reform Act of 1984" to a term of official detention extending to his 21st birthday—a term of approximately 38 months. The district court committed plain error by re-sentencing a juvenile under the adult sentencing scheme. We vacate the district court's sentence and remand for re-sentencing under the Federal Juvenile Delinquency Act ("FJDA").

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Because Juvenile Male did not object to the district court's sentence, we review for plain error. The court may reverse only if defendant demonstrates that (1) there was an actual error, (2) the error was "plain" and (3) the error affected the defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732-35 (1993); *United States v. Recio*, 371 F.3d 1093, 1099-1100 (9th Cir. 2004). If such an error occurs, the court should exercise its discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks omitted). Juvenile Male has met this burden.

**[1]** The FJDA, 18 U.S.C. § 5031 *et seq.*, governs juvenile sentencing in federal court on initial dispositions. *See United States v. Juvenile*, 347 F.3d 778, 780 (9th Cir. 2003). Other circuits have held that the FJDA also applies to a juvenile's

re-sentencing after revocation of probation. *See United States v. Sealed Appellant*, 123 F.3d 232, 234 (5th Cir. 1997) ("We are not persuaded that a court is authorized to rely on adult sentencing provisions to sentence a juvenile after that juvenile's probation has been revoked."). We agree.

**[2]** The district court did not impose its sentence under the FJDA. Rather, it explicitly imposed the sentence "pursuant to the Sentencing Reform Act of 1984." The court also made multiple references to the "original guideline range" of "108 to 135 months," found that the probation violations were "Class C violations," that appellant is in "Criminal History Category I," and that the "Chapter 7 guideline provisions are three to nine months." Moreover, the court made no explicit reference to the FJDA at the re-sentencing hearing. The record therefore reflects that the district court determined the adult Guideline range for the underlying crime, considered the severity of the probation violations under the adult standards, cited the policy statement for imprisonment following revocation of probation and supervised release at U.S.S.G. § 7B1.4, and imposed a sentence under the adult sentencing regime. This constitutes plain error.

This plain error affected Juvenile Male's "substantial rights" in a way that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks omitted). Unlike the Sentencing Reform Act, the primary purpose of the FJDA is rehabilitation. As this court recently held, the FJDA

> requires an assessment of the totality of the unique circumstances and rehabilitative needs of each juvenile. It must be clear from the record, if not explicit, that a district court weighed all of the relevant factors and found that the disposition imposed was the least restrictive means to accomplish a young person's rehabilitation, given the needs of the child and the community.

*Juvenile*, 347 F.3d at 787.

**[3]** The adult sentencing scheme is not blind to rehabilitative interests. *See, e.g.*, 18 U.S.C. § 3553(a)(2)(D) (requiring the sentencing judge to consider the need for the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The FJDA's rehabilitative focus, however, goes far beyond that consideration. It entitles a juvenile to an individualized assessment of his rehabilitative needs and to a disposition with the least restrictive means to meet those needs. By sentencing Juvenile Male under the wrong statute, the district court deprived him of this right.

**[4]** Accordingly, we VACATE the district court's sentence and REMAND for re-sentencing under the FJDA.