**UNITED STATES of America, Plaintiff–Appellee,**

v.

**JUVENILE FEMALE, Defendant–Appellant.**

**No. 06–30515.**

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 7, 2007.*

Filed Dec. 13, 2007.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,** District Judge.

### MEMORANDUM ***

Juvenile Female challenges the sentence imposed on her by the district court following the court's initial sentence of three years of probation for assault resulting in serious bodily injury. Juvenile Female's probation was revoked after she was caught drinking on two separate occasions. Because she violated the terms of her probation, the court re-sentenced her to juvenile detention until her 19th birthday, and then supervision until her 21 st birthday.

The Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq.* ("FJDA"), governs the re-sentencing of juveniles after revocation of probation. *See United States v. Juvenile Male,* 470 F.3d 939, 940 (9th Cir.2006). At Juvenile Female's probation revocation hearing, the district court did not impose the sentence under the FJDA. Instead, the court expressly imposed the sentence "[p]ursuant to the Sentencing Reform Act of 1984." The court also made reference to the "original guideline range" and "Chapter 7 policy statements" at the hearing.

The district court's failure to apply the FJDA in crafting Juvenile Female's sentence constituted plain error that affected her substantial rights in a manner that "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *See id.* at 941 (quoting *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). As we have noted, the FJDA, unlike the Sentencing Reform Act of 1984, is concerned primarily with rehabilitation. *See United States v. Juvenile,* 347 F.3d 778, 785–86, 787–88 (9th Cir.2003); *Juvenile Male,* 470 F.3d at 941. The FJDA entitles a juvenile to "an individualized assessment of his rehabilitative needs and to a disposition with the least restrictive means to meet those needs." *Juvenile Male,* 470 F.3d at 941. Though the district court noted the lack of parental involvement in Juvenile Female's life and her repeated occasions of underage drinking as reasons supporting the sentence, and recommended that she receive psychological treatment and life skills counseling while in custody, the record reflects that he applied the adult guidelines, and not the FJDA, in crafting her sentence. Such plain error requires remand. *See id.*

Accordingly, we VACATE the district court's sentence and REMAND for re-sentencing under the FJDA.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.