Partial Concurrence and Partial Dissent by Judge O’SCANNLAIN
OPINION
KOZINSKI, Circuit Judge:
We consider whether a remand for re-sentencing a criminal defendant should be on an open or closed record.
FACTS
In 2013, Lajai Pridgette was driving a Mustang on Interstate 84 in southern Idaho.[1] Occupants of two separate vehicles reported that someone had shot at them from inside the Mustang. An Idaho State Trooper tracked down the Mustang, and Pridgette was arrested. While searching the Mustang, Troopers recovered a handgun, a spent shell casing, marijuana and , machines used to produce counterfeit credit cards. It was later determined that the Mustang had been rented from Hertz but was not returned on the agreed-upon date.
Pridgette was charged with transporting a stolen vehicle, being a felon in possession of a firearm, possessing counterfeit credit cards and possessing counterfeiting devices. A jury convicted Pridgette on each count. The district judge sentenced him to 137 months incarceration and ordered him to pay $13,709.16 in restitution to Hertz and the credit card companies.
Senior United States Probation Officer Brent Flock prepared a presentence investigation report (PSR) detailing Pridgette’s criminal history. The PSR indicated that Pridgette had been convicted of possessing a controlled substance in 2003. Flock determined that Pridgette’s sentence for this offense had been “4 years probation, 60 days jail.” Flock also indicated that Prid-gette was convicted on a second drug charge in 2004. The PSR represented that Pridgette was sentenced to “5 years probation, 365 days jail” for this offense. The Sentencing Guidelines assign two criminal-history points “for each prior sentence of imprisonment of at least sixty days” but less than one year and one month, and one point for each prior sentence of fewer than 60 days. U.S.S.G. § 4Al.l(a)-(c).[2] Flock as *1255 signed two criminal-history points for the 2003 offense and two further points for the 2004 offense.
Pridgette objected to the PSR on the ground that it misrepresented the amount of time he spent behind bars for these two prior offenses. As to the 2003 offense, Pridgette argued that “[njeither the discovery provided by the United States Attorney nor the materials provided by the Probation Office” showed the duration of his sentence. As to the 2004 offense, Prid-gette argued that he had served only 8 days in prison, not 365 days as indicated in the PSR. Flock responded to Pridgette’s objections by pointing out that records from the “Sacramento County Superior Court and Sacramento County detention facility [demonstrate] that the defendant was convicted of the offenses and served the custody dates outlined in the [PSR].” The government filed its own response, suggesting that the “documents of record reflect all relevant facts” and that the PSR appropriately summarized “documents obtained by Probation.”
Pridgette filed a sentencing memorandum that reiterated his objections, and objected for a third time at sentencing. The district judge decided that “the probation officer’s comments adequately address [Pridgette’s] concerns and objections” to the PSR, and therefore “adopt[ed] the pre-sentence investigator’s response to those objections as [his] own.”
In reality, the records from the Superior Court plainly did not confirm the PSR’s custody dates. The minute order of the 2003 conviction indicated that Pridgette served only 6 days of his 60 day sentence and that the remainder of the sentence was suspended. Similarly, the minute order of the 2004 conviction indicated that Pridgette served only 8 days of his 365 day sentence. The remainder of that sentence had also been suspended.
At argument before us, the government conceded that the documents from the Sacramento County detention facility are not in the record. Flock represented in the addendum to the PSR that he had given the detention facility documents to Prid-gette’s lawyer, but Pridgette’s lawyer told us that he had never seen them. The government offered no reason to doubt counsel’s representation. Indeed, the government represented that it had never seen the detention facility documents either. The government could not say whether the detention facility documents in fact exist.
Given the government’s concession, we allowed the Assistant U.S. Attorney 48 hours to consider whether to confess error. The government responded by filing a letter brief “acknowledging] that this Court cannot affirm” and “requesting] a remand to allow the district court to consider a more fully developed record on th[e sentencing] issue.” We then ordered supplemental briefing as to whether we should remand for resentencing on the existing record or on an open record.
DISCUSSION
“[A]s a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record.” United States v. Matthews, 278 F.3d 880, 885 (9th Cir. 2002) (en banc). Matthews recognized two exceptions. The first applies when “additional evidence would not have changed the outcome.” Id. at 886. The second applies “where there was a failure of proof after a full inquiry into the factual question at issue.” Id. The question here is whether Pridgette’s case falls within the second of these exceptions.
We have long recognized that a closed remand is appropriate when the government tries but fails to prove facts supporting an increased sentence. United States v. Reyes-Oseguera is instructive. 106 F.3d *1256 1481 (9th Cir. 1997). The government there sought a sentencing enhancement on the theory that Reyes-Oseguera had recklessly endangered an officer who was trying to arrest him. Id. at 1482. The district judge applied the enhancement after crediting testimony from an agent who reported what another agent had told her about the arrest. We held that the enhancement could not rest entirely on hearsay. Id. at 1484. Rather than allowing the government to prove the enhancement with non-hearsay evidence, we remanded with instructions that the district court enter a specific lower sentence. Id. at 1482; see also United States v. Ponce, 51 F.3d 820, 829 (9th Cir. 1995) (per curiam) (vacating sentencing enhancement based on hearsay and remanding for resentencing on the existing record).
We took a similar approach in United States v. Becerra, 992 F.2d 960 (9th Cir. 1993) (as amended). Becerra contested the base-offense level for sentencing. The government argued that Becerra knew he was moving 25 kilos of cocaine. In fact, the record indicated that Becerra dealt only 2 kilos. Id. at 962. The PSR referenced an unknown “Latin male” and documented calls between a conspirator and Becerra’s girlfriend. The district judge thought this was sufficient to attribute the full 25 kilos to Becerra and sentenced Becerra at the higher level. Id. at 967. We noted that the PSR did not identify Becerra as the “Latin male” and that no concrete evidence linked Becerra to the calls. Rather than giving the government a second chance to provide more details about Becerra’s involvement, we remanded with instructions that the district court sentence Becerra at the 2-kilo level. Id,
Our latest foray into this corner of criminal law was United States v. Espinoza-Morales, 621 F.3d 1141 (9th Cir. 2010). We held there that the defendant’s appeal fell within the second exception to Matthews. “[T]he government submitted evidence to establish that Espinoza’s convictions constituted crimes of violence under the modified categorical approach, but it failed to submit evidence sufficient to meet its burden.” Id. at 1152. We therefore “decline[d] to give the government a second bite at the apple.” Id.
When contrasted with Matthews, the import of these cases becomes clear. In Matthews, the district court applied the Armed Career Criminal enhancement in reliance on a PSR representing that Matthews had at least three qualifying state convictions. 278 F.3d at 883. But neither the PSR nor the government’s briefing identified what state statutes had been violated. We reversed the district court’s order applying the enhancement because it “failed to analyze the statutes” and therefore did not make the required determination as to “whether they satisfied the elements of a ‘generic burglary.’ ” Id. at 884. We explained that the second exception to the default rule did not apply because “there was no offer of proof regarding the state statutes under which Matthews was convicted.” Id. at 887. Matthews thus was not a case “in which the district court considered the relevant factual question, but erred in its ultimate conclusion.” Id. at 888. “[T]he district court did not fully consider the relevant factual issue” because its erroneous legal determination “obviated the need to do so.”[3] Id.; see also United States v. Kuo, 620 F.3d 1158, 1165-66 (9th Cir. 2010) (remanding for resentencing on an open record because district court’s legal error prevented parties from introducing relevant evidence).
*1257 A “full inquiry into the factual question at issue” occurs when the government squarely raises its arguments before the district court and has a fair opportunity to present evidence in support of its proposed sentence. If the government fails to meet its burden of proof even when given such an opportunity, we may remand for resen-tencing on the existing record. See Espinoza-Morales, 621 F.3d at 1152; Reyes-Oseguera, 106 F.3d at 1484; Ponce, 51 F.3d at 829; Becerra, 992 F.2d at 967. But when the government does not have occasion to tender a fully developed argument, we remand for resentencing on an open record. This may occur when a district court’s erroneous legal ruling prevented the government from introducing relevant evidence or when intervening case law has altered the legal landscape in such a way as to require further fact-finding.[4]
Pridgette’s case is not like Matthews, where “there was no offer of proof’ regarding the facts underlying the proposed sentence. Matthews, 278 F.3d at 885. The government made an offer of proof and argued that the length of the prior convictions could be determined by reference to the state-court minute orders, many of which were placed into the district court record. The government also relied on the phantom detention facility documents. Given that Pridgette specifically objected to the proposed sentence on three separate occasions, the government was on notice of the factual deficiencies in its papers.[5] It had numerous opportunities to supplement the record by introducing documents that would have corroborated its' account of Pridgette’s criminal history. The government chose not to do so, preferring to rest on evidence that it later conceded was insufficient to support its position.
Our conclusion draws support from United States v. Flores, 725 F.3d 1028 (9th Cir. 2013), where we vacated a sentencing enhancement for use of a person under the age of 18 in furtherance of a drug conspiracy. We found the record inconclusive as to whether the co-conspirator was underage at the relevant time and remanded for resentencing on an open record. Id. at 1040-43. We concluded that there had not been “a full inquiry into the factual question at issue” because the sentencing enhancement was “imposed sua sponte by the district court at the sentencing hearing.” Id. at 1043. The district judge applied the enhancement “before [it] heard argument from the government,” and the government “did not present any evidence in support of the district court’s finding.” Id.
In contrast to Flores, the government here had the opportunity to present its case. The government argued in favor of an elevated criminal-history category in an extensive pre-sentencing memorandum filed with the district court. In support of *1258 its argument, the government attached a blizzard of state-court records and documents obtained from the probation office. At sentencing, the government pressed its view that the criminal-history category had been properly calculated. By the government’s own admission, the inquiry into Pridgette’s criminal history was thorough. The district judge himself indicated that he “ha[d] spent a lot of time thinking about this case.” “I have looked at the objections that have been made,” he said. “I understand the arguments.” Given these comments from the government and the district judge, there can be no doubt that there was a “full inquiry into the factual question at issue.”
We applaud the United States Attorney’s decision to confess error. The diligence and professionalism of her office are well known to the judges of our court. But our concern today is not merely to correct the specific error that occurred in this case. Rather, we articulate a rule that aligns with our precedent and will help prevent such errors from occurring again. We believe this end can best be achieved by encouraging the government to present a complete record supporting its desired sentence, taking into account the possibility that its view of the law may not be sustained.
Our dissenting colleague claims that we lack authority to remand for resentencing on the existing record because Pridgette didn’t explicitly request that remedy. Partial Dissent at 1259. The dissent’s formalist approach is at odds with both judicial economy and our past practice. We have often remanded for resentencing on a closed record when justice so requires, including in cases where the defendant didn’t expressly request that particular remedy.[6]
When a panel is confronted with an important issue that was not fully addressed in the briefing, our General Orders advise that the panel should order supplemental briefing on that issue. 9th Cir. Gen. Order 4.2 (2016). And that’s precisely what we did in this case. Our supplemental briefing order supplied both Pridgette and the government with an opportunity to make arguments regarding the proper scope of remand. The government argued for remand on an open record but did not claim that Pridgette had waived the argument that wé should remand for resentencing on the existing record. “[I]t is well-established that the government can waive waiver implicitly by failing to assert it.” Tokatly v. Ashcroft, 371 F.3d 613, 618 (9th Cir. 2004) (internal quotation marks omitted); see United States v. Doe, 53 F.3d 1081, 1082- *1259 83 (9th Cir. 1995). By engaging on the merits only, the government waived waiver.
* * *
Because the government has conceded that both the district court’s restitution order and its sentencing order are not supported by the record, they are both VACATED. This case is REMANDED for ' resentencing on the existing record.

. To the extent that we refer here to facts contained exclusively in the PSR, we pro tan-to lift the order sealing that document.

. The phrase " 'sentence of imprisonment' refers only to the portion [of a prison sentence] that was not suspended.” U.S.S.G. § 4A1.2(b)(2); see also United States v. Gonzales, 506 F.3d 940, 943 (9th Cir. 2007) (en banc).

. Similarly, we have often remanded for re-sentencing on an open record due to intervening legal developments. See, e.g., United States v. Grisel, 488 F.3d 844, 852 (9th Cir. 2007) (en banc); United States v. Crawford, 372 F.3d 1048, 1062 (9th Cir. 2004).

. Our dissenting colleague suggests that we should determine whether there has been a "full inquiry” based on whether the district court offered an "explanation” for its decision. Partial Dissent at 1261-62. That view cannot be squared with our precedent. None of the cases discussed above referred to the thoroughness of the district judge's explanation as a relevant factor in determining whether there had been a "full inquiry.” And this makes sense: Inquiry does not require explanation. If a particular argument has been fairly presented to the district court, the fact that the district judge fails to thoroughly discuss that argument does not deprive the government of an opportunity to participate in a "full inquiry.”

. The government argues that the district court’s sentencing error is understandable given that Pridgette raised a "multitude” of objections to the PSR. The fact that Pridgette raised numerous objections does not excuse the district court from its obligation to evaluate each objection on its own merits or the government from presenting a full case that meets the defendant's objections.

. Becerra argued in his Ninth Circuit briefs that there was insufficient evidence to support the district court’s finding that he conspired to deliver 25 kilograms of cocaine. Becerra also argued that the district court didn't specify what particular facts it relied upon in reaching its conclusion as to drug quantity. Neither Becerra nor the government ever discussed whether any potential remand should be open or closed. Becerra himself requested a modest remedy: a remand with instructions that the district court "make explicit findings of fact.” We nonetheless ordered resentencing on a closed record. 992 F.2d at 967. Similarly, Mauricio Monroy, one of the defendants in the Ponce case, requested that his sentence "be vacated and remanded for resentencing.” Even though Monroy didn’t request a closed remand, we remanded for resentencing on a closed record at the lower criminal-history category. 51 F.3d at 829. The defendant in Reyes-Oseguera requested that we vacate his "sentence and remand[] for resentencing before another judge,” but said nothing about whether the remand should be open or closed. Yet again,' we ordered a closed remand. 106 F.3d at 1484. And in Espinoza-Morales, the defendant’s briefs requested that we "remand[] for a new sentencing.” Six weeks after argument, Espinoza-Morales asked for the first time that we remand for resentencing on the existing record. We granted that request over the government’s objection, even though the request was made after the case had been fully briefed and argued. Espinoza-Morales, 621 F.3d at 1152.