**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10369 |
| Plaintiff-Appellee, | DC No. CR 13-0010 RVM |
| v. | |
| MACRINA ROSE BLANCO TEDTAOTAO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the District Court of Guam
Ramona V. Manglona, District Judge, Presiding

Argued and Submitted June 14, 2018
Honolulu, Hawaii

Before:    TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Defendant-Appellant Macrina Rose Blanco Tedtaotao ("Tedtaotao") was

charged, together with her husband and her aunt, Bertha Moore, with conspiracy to

import methamphetamine into Guam from the Philippines.  Tedtaotao pled guilty,

pursuant to a plea agreement, which provided in part that the "United States agrees

---

       *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to recommend at sentencing that the Court impose a sentence at the low end of the applicable guideline range." We have jurisdiction under 28 U.S.C. § 1291 over her appeal from the sentence. We vacate Tedtaotao's sentence and remand for resentencing by a different district judge.

1. The government concedes that the enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was not supported by sufficiently reliable evidence, and that "[i]t was therefore clearly erroneous to assess the . . . enhancement." *United States v. Pimentel-Lopez*, 859 F.3d 1134, 1144 (9th Cir. 2016). We accept the government's concession, and so vacate Tedtaotao's sentence on this basis.[1]

2. The Guidelines sentencing range was calculated at 87 to 108 months. Tedtaotao was sentenced to a 97-month term of imprisonment. Even reviewing for plain error, the government breached the plea agreement by recommending a sentence of 97 months, despite a Guidelines range of 87 to 108 months. *See United States v. Waknine*, 543 F.3d 546, 552 (9th Cir. 2008). In federal sentencing, a promise to recommend a sentence "at the low end of the applicable guideline range" is reasonably understood only as a promise to recommend a

---

[1] Because the government has not indicated that it intends to support this enhancement with reliable evidence on remand, nor argued that it should be afforded the chance to do so, *see United States v. Pridgette*, 831 F.3d 1253, 1255–57 (9th Cir. 2016), we do not address the parties' other arguments about this enhancement.

sentence at or very close to the low endpoint of that range, not a mere one-half month below the midpoint of that range. The government's mid-range recommendation was thus a clear breach of its promise in the plea agreement, which affected Tedtaotao's substantial rights. *See United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013). The district court accepted the government's mid-range recommendation of 97 months; had the government kept its promise, there is a reasonable probability that the district court would have chosen a sentence that, while perhaps higher than Moore's sentence of 87 months, still would have been closer to the low end of the Guidelines range than 97 months. *See id.* ("[W]hen a plain error may have led to a sentence that was one month longer than necessary, even within the Sentencing Guidelines, that error 'affects substantial rights.'") (citation omitted). The probability that this error resulted in additional jail time, and the fact that the error is easily corrected on remand, favor noticing it as one that seriously affects the fairness, integrity, and reputation of judicial proceedings. *See Rosales-Mireles v. United States,* 2018 WL 3013806, at *8, *10 (U.S. June 18, 2018).

Moreover, when the government evades its obligations under a plea agreement, the integrity of our judicial system is undermined. *See United States v. Whitney*, 673 F.3d 965, 974 (9th Cir. 2012). "In some cases, when the defendant

3

himself has engaged in conduct that undermined the parties' obligations, strict compliance is not necessary to ensure that the integrity of the judiciary is maintained, notwithstanding the government's breach." *Id.* (citing *Puckett v. United States*, 556 U.S. 129 (2009)). Unlike in *Puckett*, there are no "countervailing factors" that excuse the government's breach here. *See* 556 U.S. at 142–43. On the contrary, the frequency with which the government extends the promise that it breached here is a factor that favors noticing this error, as excusing this specific breach risks undermining the fairness and integrity of the plea bargaining system.

Because we conclude that the government breached the plea agreement, "we must remand this matter to a different judge, although we 'intend no criticism of the district judge by this action, and none should be inferred.'" *Whitney*, 673 F.3d at 976 (quoting *United States v. Johnson*, 187 F.3d 1129, 1136 n.7 (9th Cir. 1999)).

**3.** The district court did not abuse its discretion in determining that Tedtaotao was an "organizer." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170,

1174–75 (9th Cir. 2017) (en banc); U.S.S.G. § 3B1.1, cmt. n.4.[2]  There is adequate evidence that Tedtaotao exercised control over Moore or was responsible for organizing Moore in carrying out the drug trafficking conspiracy.  *See United States v. Doe*, 778 F.3d 814, 823 (9th Cir. 2015) (quoting *Whitney*, 673 F.3d at 975).  Even if Moore exercised some independence in carrying out certain tasks, the enhancement is still supported by the record.  *See Doe*, 778 F.3d at 825; *see also United States v. Montano*, 250 F.3d 709, 715–16 (9th Cir. 2001).

Contrary to Tedtaotao's assertion, the district court did not focus only on whether Tedtaotao exercised control over the drug proceeds; instead, it emphasized that Tedtaotao received a larger share of these proceeds.  *See* U.S.S.G. § 3B1.1, cmt. n.4.  Even if Tedtaotao's husband also played a leadership role, the district court's decision to apply the organizer enhancement was not an abuse of discretion, as there can be more than one leader or organizer.  *See id.*  In any event, the district court distinguished between Tedtaotao's and her husband's roles.  While the district court may have mistakenly believed that only Tedtaotao carried

---

[2]  We address this issue because it is likely to arise again on remand.  However, because we are remanding to a different district judge, we decline to reach Tedtaotao's other arguments that the original judge failed to comprehend her authority to grant a downward variance under 18 U.S.C. § 3553(a) based on Tedtaotao's family circumstances, improperly penalized Tedtaotao for her religious beliefs, or failed to explain the chosen sentence.  Tedtaotao is, of course, free to make these arguments to the district court at resentencing, if appropriate.

money to the Philippines, there is still sufficient evidence to support the enhancement.  *See Whitney*, 673 F.3d at 976.

**4.**    Because we vacate Tedtaotao's sentence based on an erroneous offense level enhancement and breach of the plea agreement, we do not reach whether the sentence as a whole is substantively reasonable.  *See United States v. Gardenhire*, 784 F.3d 1277, 1284 n.4 (9th Cir. 2015).  This includes any alleged error in failing to grant a downward variance or a downward departure.  *See United States v. Lichtenberg*, 631 F.3d 1021, 1027 n.8 (9th Cir. 2011).

**VACATED and REMANDED** for resentencing, with instructions to reassign to a different district judge.