**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50181 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00557-MWF-1 |
| v. | |
| MALIEK GRISSETT, AKA Chop, AKA Chop Chop, AKA Maliek Tennyson Dwayne Grissett, Jr., AKA Lil Chop, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 27, 2018
Pasadena, California

Before:  GOULD and BYBEE, Circuit Judges, and HERNANDEZ,[**] District Judge.

Maliek Grissett appeals his conviction, following a bench trial, for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He further

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

appeals his sentence. Grissett argues that the district court erred by: (1) denying his motion to suppress the gun and the statements that he made to law enforcement; and (2) denying his request for the acceptance of responsibility adjustment under United States Sentencing Guidelines § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for further proceedings regarding the motion to suppress.

1. The district court erred by holding that the initial encounter between Los Angeles County Deputies and Grissett was a consensual encounter rather than a detention. The rule of law on this point is clear: "A person is seized if taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007) (internal quotation marks omitted). Here, the deputies approached the car from behind, opened Grissett's car door without asking or making any initial contact, and began asking questions. Grissett was startled and immediately put his hands up in a show of submission. On these facts, a reasonable person in Grissett's circumstances would not have thought himself free to ignore the police presence and leave.[1] We therefore conclude that

_____

[1] It also appears that at the time police opened the car door, one of the officers may have had a gun drawn, though not necessarily pointed at Grissett, although the

2

the stop was a detention requiring reasonable suspicion.

2. The district court did not make sufficient evidentiary findings for us to determine whether the deputies had reasonable suspicion sufficient to detain Grissett. The state advances three potential justifications for the deputies' detention of Grissett: (1) that the driver of the car had a view-obstructing air freshener in the window; (2) that the deputies suspected the men were involved in a burglary; and (3) that the deputies smelled marijuana coming from the car. We conclude that the first two justifications are not persuasive. As to the air freshener, even if we were to credit the state's argument that the air freshener violated Cal. Veh. Code § 26708(a)(2)—which makes it illegal to drive a motor vehicle with any object that obstructs or reduces the driver's clear view through the windshield— this would not provide reasonable suspicion as to Grissett, who was merely a passenger in the parked car. Regarding the suspected burglary, the deputies based this conclusion on no more than (1) their observations of an apparently occupied car parked in a driveway for about one minute, and (2) the fact that the car was parked in a residential neighborhood in Compton, California. This is not enough. *See United States v. Manzo-Jurado*, 457 F.3d 928, 935 (9th Cir. 2006) ("[T]o establish reasonable suspicion, an officer cannot rely solely on generalizations that,

---

district court made no specific finding on this. If true, this fact would further strengthen our conclusion that a reasonable person in Grissett's position would not have felt free to leave.

3

if accepted, would cast suspicion on large segments of the lawabiding [sic] population."). Although the odor of marijuana coming from the car could adequately support reasonable suspicion to detain the car's occupants, we cannot affirm on this basis because whether the deputies did, in fact, smell marijuana coming from the car is an open question of fact that was not resolved by the district court at the suppression hearing, despite conflicting indications from some witnesses. *See United States v. Prieto-Villa*, 910 F.2d 601, 610 (9th Cir. 1990).

3. Grissett argues that the case should be remanded on a closed record. We have recognized that remand on a closed record is appropriate when justice so requires. *See United States v. Pridgette*, 831 F.3d 1253, 1258 (9th Cir. 2016). However, we conclude that remand on an open record is generally the best procedure absent a specific and adequate reason to consider the record closed, and is appropriate in the total circumstances of this case.

4. Grissett challenges the district court's holding that the deputies' search of his person was justified. Because we remand for further factual findings, and the outcome on remand may also impact the district court's findings regarding the search, we do not address that issue here.

5. Because we remand for further findings regarding the motion to suppress, which raises a question on the validity of the conviction, we need not and do not address Grissett's challenge to his sentence based on the district court's application

of the sentencing guidelines.

**VACATED and REMANDED.**