NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3692 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-00016-MMD-CSD-1 |
| v. | |
| JAMES MATTORANO PINEDA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted February 7, 2025
Phoenix, Arizona

Before: HAWKINS, CLIFTON, and BADE, Circuit Judges.

Appellant James Pineda ("Pineda") appeals his sentence following a final

judgment of conviction in a criminal case. He contends the district court erred in

determining that his prior Nevada conviction for second-degree murder qualified as

a "crime of violence" for purposes of calculating his base offense level under the

United States Sentencing Guidelines ("U.S.S.G."). He also contends the court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

special supervision condition regarding gambling addiction treatment improperly delegated to the probation office the choice of whether treatment would be inpatient or outpatient. We reverse and remand to the district court for resentencing.

I.

We review "de novo whether a predicate state conviction constitutes a crime of violence under the Guidelines." *United States v. Vederoff*, 914 F.3d 1238, 1243 (9th Cir. 2019). To qualify, the crime must either (1) have as an element the use of force against another or (2) categorically match the elements of one of the enumerated offenses, which includes murder. *Id.* at 1244–43; U.S.S.G. §§ 2K2.1(a)(3), 4B1.2. The Nevada murder statute under which Pineda was convicted defines murder as the killing of another "[w]ith malice aforethought, either express or implied," but it also includes two subsections classifying a death stemming from various controlled substance offenses as murder. Nev. Rev. Stat. §§ 200.010(1)–(3), 200.030(2).

In an unpublished disposition, we previously concluded that second-degree murder in Nevada could qualify as a crime of violence under the use of force clause, rejecting the defendant's argument that "implied malice" in subsection (1) of § 200.010 could mean ordinary recklessness. *United States v. Taylor*, No. 16-17202, 2023 WL 3336651 (9th Cir. May 10, 2023). As an unpublished disposition, this decision is not binding on subsequent panels, and we conclude that it is also not

persuasive authority because—although it properly analyzed malice required in subsection (1)—Taylor did not raise, and the panel did not reach, the argument Pineda makes here regarding the additional means of committing second-degree murder in Nevada that are set forth in subsections (2) and (3). *See Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916, 932 n.6 (9th Cir. 2021); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (courts rely on "the parties to frame the issues for decision").

Applying the categorical approach, we must consider the least culpable means of violating the relevant statute. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). In Nevada, a defendant who does nothing more than sell illegal prescription drugs can be guilty of murder under § 200.010, regardless of whether there is a high degree of inherent risk associated with the drug or not, and even when there is no direct and immediate causation. *See Bass v. State*, Nos. 51822, 53072, 2010 WL 3275965, at *3 (Nev. May 18, 2010) ("[A] person commits murder if . . . he sells or makes available a controlled substance that is the proximate cause of one's death."). As such, second-degree murder under this statute could be committed without the kind of extreme recklessness or extreme disregard for human life that is required to satisfy the use of force requirement.

The Nevada definition of murder is also broader than the generic definition of murder for purposes of the enumerated crimes provision in the Guidelines. To make

23-3692

this determination, we must compare the elements of the prior state conviction statute to the generic federal offense at issue. *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017). If the state statute is identical to or narrower than the generic federal offense, then the predicate offense is a crime of violence. *See id.* We have defined generic murder as "causing the death of another person either intentionally, during the commission of a dangerous felony, or through conduct evincing reckless and depraved indifference to serious dangers posed to human life." *Vederoff*, 914 F.3d at 1246–47 (quoting *United States v. Marrero*, 743 F.3d 389, 401 (3d Cir. 2014)).

Controlled substance offenses are not listed as offenses deserving a presumption of recklessness under the Model Penal Code. M.P.C. § 210.2(1)(b). Various criminal treatises similarly exclude controlled substance offenses from the list of inherently dangerous felonies, and they require a higher causal connection than the Nevada statute. *See* 2 Jens David Ohlin, *Wharton's Criminal Law* § 21:9 (16th ed. 2021); 40 C.J.S. *Homicide* § 64 (2023). The Nevada Supreme Court has also recognized that the inclusion of controlled substance offenses in the definition of murder in § 200.010(2) "extends beyond the common law." *Collman v. State*, 7 P.3d 426, 442 n.7 (Nev. 2000). Because murder as defined in Nev. Rev. Stat. § 200.010 is broader than the generic definition of murder, it fails to satisfy the categorical approach with respect to the enumerated clause.

4                                                          23-3692

If a statute does not satisfy the categorical approach, we may apply a modified categorical approach, but only if the statute is divisible. *Robinson*, 869 F.3d at 936. The statute here is worded in the disjunctive, but this alone does not render it divisible: "[A] court must determine whether a disjunctively worded phrase supplies alternative elements, which are essential to a jury's finding of guilt, or alternative means, which are not." *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) (internal quotation marks and citation omitted). The Nevada statute is not divisible because it defines alternate means of committing the same crime, rather than alternate elements of multiple crimes, and thus the modified categorical approach is not available. *See Robinson*, 869 F.3d at 940–41.

Moreover, even if the statute *were* divisible, the government failed to introduce any *Shepard*[1] documents about Pineda's actual conviction that would satisfy the modified categorical approach. *See United States v. Barlow*, 83 F.4th 773, 782 (9th Cir. 2023). In such circumstances, where the government had an opportunity to present its case below but failed to support its analysis with any documents in the record, we usually require any resentencing to be conducted "on the existing record," *United States v. Pridgette*, 831 F.3d 1253, 1257 (9th Cir. 2016), and so we do here as well.

---

[1] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

We therefore remand for resentencing without the application of the crime of violence enhancement. *See* U.S.S.G. §§ 2K2.1(a)(3), 4B1.2.

II.

The district court also plainly erred by imposing a special supervision condition that delegated authority to the probation office to determine whether Pineda's gambling addiction treatment would be inpatient or outpatient. *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009). Pineda did not object to this condition below, and thus we review for plain error. *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022). Nonetheless, we have invalidated similar treatment conditions on plain error review, *id.* at 1155, and the government agrees that remand is appropriate so the district court can clarify whether this condition requires inpatient or outpatient treatment.

**REVERSED AND REMANDED.**