UNITED STATES of America, Plaintiff–Appellee,

v.

Juan GARCIA–LOPEZ, Defendant–Appellant.

No. 01–50334.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Filed Oct. 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Robert L. Swain, San Diego, CA, for the defendant-appellant.

Patrick K. O'Toole, United States Attorney (when brief was filed), Carol C. Lam, United States Attorney (when opinion was filed), Sanjay Bhandari, Assistant United States Attorney, U.S. Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before REINHARDT, TROTT and SILVERMAN, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge.

We hold today that even if a defendant has waived his right to appeal in a plea agreement, we may nevertheless hear the appeal when the government has expressly waived its right to assert the defendant's waiver. In other words, the government can waive the waiver.

## I. Background

Pursuant to a plea agreement, Garcia Lopez plead guilty to one count of transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Section 11 of the plea agreement provided as follows:

*DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK*

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order; except that if the Court imposes a sentence greater than the high end of the guideline range corresponding to offense level 18, defendant may appeal his sentence, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

After applying several sentencing enhancements and then a downward departure, the district court calculated Garcia–Lopez's adjusted offense level to be 18. At Criminal History Category I, the resulting guideline sentencing range was 27 to 33 months. The district court sentenced Garcia–Lopez to 27 months. Notwithstanding the appeal waiver, Garcia–Lopez filed a notice of appeal of the sentence.

Prior to any briefing, the government moved to dismiss the appeal on the ground that Garcia–Lopez had waived his right to appeal. Appellate Commissioner Peter L. Shaw denied the motion without prejudice to the government's right to renew the argument in its answering brief. When the government's answering brief was filed, it contained the following footnote:

As the Government has now responded on the merits to this appeal, it now waives the argument (put forth in the Government's motion to dismiss) that this appeal was barred by the appeal waiver in Garcia–Lopez's plea agreement.

## II. Discussion

As a general rule, we will enforce a "knowing and voluntary" waiver of the right to appeal. *See United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.2000). The issue in this case is whether the government can waive the waiver. We hold that it can.

We dealt with a similar situation in *United States v. Doe*, 53 F.3d 1081 (9th Cir.1995). In *Doe*, a juvenile failed to appeal the imposition of supervised release at the time of original sentencing. It was not until over five years later, when Doe's supervised release was revoked and he

was sentenced to additional incarceration, that he challenged the original imposition of supervised release. The question raised by the court *sua sponte* was whether Doe waived his right to do so. We said:

> We have carved out special rules to govern the problem of waiver.... As we noted in *United States v. Schlesinger*, "[t]his court will not address waiver if not raised by the opposing party." 49 F.3d 483, 485 (9th Cir.1995) (addressing waiver issue in context of 28 U.S.C. § 2255 motion); *see also Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir.1991) (similar); *United States v. Lewis*, 798 F.2d 1250 (9th Cir.1986) (refusing to address waiver when government failed to argue waiver in its briefs or at oral argument) (*amending United States v. Lewis*, 787 F.2d 1318 (9th Cir. 1986)).
>
> Here, the government did not argue waiver in its briefs or at oral argument. In fact, counsel for the government at oral argument specifically urged the Court to reach the merits of this appeal. Under these circumstances, we conclude that the government has "waived" any waiver argument it may have had. *See Fagan v. Washington*, 942 F.2d at 1157 (holding that government "waived [its] waiver" argument by failing to raise it.).

*Id.* at 1082–83.

■ If the government can "waive waiver" implicitly by failing to assert it, certainly the government can do so explicitly, as occurred here. The Second and Fifth Circuits have come to the same conclusion. *See United States v. Doe*, 239 F.3d 473, 474–75 (2d Cir.2001); *United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir.2001). *But see United States v. Schmidt*, 47 F.3d 188, 190–92 (7th Cir.1995) (holding that the court has the discretion to "overlook" the government's failure to argue waiver of the right to appeal and can affirm on the basis of the defendant's waiver).

We can entertain this appeal. As for the merits of the case, we affirm by separate Memorandum filed contemporaneously with this opinion.

AFFIRMED.