**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DOMINGO JACOBO CASTILLO,
        *Defendant-Appellant.*

No. 05-30401

D.C. No.
CR-04-02157-FVS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Chief Judge, Presiding

Submitted June 7, 2006*
Seattle, Washington

Filed September 22, 2006

Before: Robert R. Beezer, Richard C. Tallman, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Beezer;
Dissent by Judge Bybee

---

*The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

11905

**COUNSEL**

Dawn M. Reynolds, Dallas, Oregon, for the defendant-appellant.

K. Jill Bolton, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

## OPINION

BEEZER, Circuit Judge:

Domingo Jacobo Castillo ("Jacobo") pleaded guilty to one count of being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). He now appeals the denial of his pre-plea motion to suppress and argues that the delay between the discovery of the firearm and his indictment constitutes a violation of his Fifth Amendment due process rights. We lack jurisdiction over this appeal because Jacobo entered an unconditional guilty plea.

We have previously held that "an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005); *see also United States v. Reyes-Platero*, 224 F.3d 1112, 1115 (9th Cir. 2000) ("[W]e do not have jurisdiction over the merits of appeals based upon pre-waiver constitutional defects, and we must dismiss that portion of the appeal."); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997) ("Unless [appellant's] plea conformed with [Rule 11(a)(2)'s] specific requirements, we have no jurisdiction to hear her appeal."); *United States v. Carrasco*, 786 F.2d 1452, 1453-54 (9th Cir. 1986) ("We do not have jurisdiction to decide [appellant's] appeal of the denial of the suppression motion unless she entered a valid conditional plea.").[1]

---

[1]A defendant may preserve material pretrial issues for appeal by entering a conditional plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). The guilty plea is conditioned upon an appellate court's affirmance of the trial court's ruling on the pretrial motions. In the event that the defendant prevails on appeal, the plea is withdrawn. This procedure allows a defendant to preserve his right to appeal the pretrial rulings while avoiding the expense of a trial where acquittal is unlikely in light of the adverse rulings.

Jacobo did not enter a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2) but plead unconditionally. That should have been the end of this appeal.

**[1]** The government, however, does not argue that we lack jurisdiction due to Jacobo's unconditional plea. The government's silence presents the undecided question whether the government can waive the jurisdictional defect thereby allowing the court to decide the merits of the appeal. *See*, *e.g.*, *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) ("This court will not address waiver if not raised by the opposing party."); *United States v. Lewis*, 798 F.2d 1250 (9th Cir. 1986) *amending United States v. Lewis*, 787 F.2d 1218 (9th Cir. 1986) ("Because the government failed to raise this question in its brief or at oral argument, we decline to address it.").

**[2]** We hold that the jurisdictional defect is not waivable and a defendant's failure to preserve his appellate rights by entering a conditional plea pursuant to Rule 11(a)(2) deprives us of the authority to consider the merits of a claim.[2] As stated by the Supreme Court in *Tollett v. Henderson*:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with

---

[2]This holding does not alter our conclusion in *United States v. Garcia-Lopez*, 309 F.3d 1121, 1122 (9th Cir. 2002), where we held that the government may expressly "waive the waiver" of a defendant's right to appeal application of the sentencing guidelines where he had waived appellate rights in his plea agreement. In that case the waiver was a matter of contract between the government and the defendant and sentencing occurred after the plea. Appealing a sentencing issue does not impact the finding of guilt. *See Reyes-Platero*, 224 F.3d at 1115-16 (holding that the rule in *Tollett* only applies to pre-plea motions and does not eliminate jurisdiction for claims of constitutional error "occurring after the entry of a guilty plea").

which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

411 U.S. 258, 267 (1973). The Supreme Court clarified that the holding in *Tollett* was not a simple issue of *waiver* of the right to appeal but was based on the determination that:

> [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case . . . [and] factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

*Menna v. New York*, 423 U.S. 61, 63 n.2 (1975). An unconditional guilty plea renders rulings on pretrial motions irrelevant and deprives appellate courts of the ability to reassess those rulings. *See Lopez-Armenta*, 400 F.3d at 1175 ("[A]n unconditional guilty plea . . . *cures* all antecedent constitutional defects.") (emphasis added). The government's waiver cannot alter the "break in the chain of events" and create jurisdiction. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 n.3 (1988) ("a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court"); *Gusman-Andrade v. Gonzales*, 407 F.3d 1073, 1077 (9th Cir. 2005) (holding that jurisdiction cannot be created by the parties' agreement through consent or stipulation and the parties cannot "waive its absence").

In *United States v. Rogers*, 387 F.3d 925 (7th Cir. 2004), the Seventh Circuit considered the same issue and determined that an unconditional plea created a non-waivable jurisdic-

tional bar to appellate review. In *Rogers,* as in this case, the government did present the waiver argument in its briefs and addressed only the merits of the underlying constitutional claim. *Id.* at 934. The court concluded that despite the government's waiver of the jurisdictional argument, it had no jurisdiction to consider the merits of appellant's claims. *Id.* (citing cases).

**[3]** Jacobo's entry of an unconditional guilty plea deprives us of jurisdiction to consider his pre-plea constitutional claims.

DISMISSED.

---

BYBEE, Circuit Judge, dissenting:

I write separately because our precedents will not support —and, indeed, they contradict—the majority's holding. In particular, the majority's holding clearly conflicts with our decision in *United States v. Garcia-Lopez*, 309 F.3d 1121, 1122 (9th Cir. 2002). I believe that we cannot dismiss this case for want of jurisdiction without seeking en banc approval.

I agree that Jacobo relinquished his pretrial constitutional appeals at sentencing. *See Tollett v. Henderson*, 411 U.S. 258 (1973). The question is: What are the consequences? Not infrequently, a defendant who has waived his right to appeal in a plea agreement will file an appeal anyway. Ordinarily, in such cases, the government will advise us of the waiver, either by motion or in its brief, and we will dismiss the appeal, often in a memorandum disposition. But in this case, the government answered Jacobo's contentions on the merits, never arguing that Jacobo's appeal was barred or moving to dismiss his appeal. Nevertheless, the majority holds that Jacobo's waiver is a jurisdictional bar, and that we must dismiss the

appeal, even though the government never raised the point. In support of its holding the majority cites a number of cases in which we dismissed the appeal. Maj. op. at 11907. But in those cases, the government properly asserted the bar to appeal. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("The government moved to dismiss the appeal" before a motions panel); *United States v. Reyes-Platero*, 224 F.3d 1112, 1114 (9th Cir. 2000) ("The government argues that Reyes-Platero waived these arguments by unconditionally pleading guilty."); *United States v. Floyd*, 108 F.3d 202, 203 (9th Cir. 1997) ("The government . . . moved to dismiss the appeal for lack of jurisdiction because Floyd's plea was not a Rule 11(a)(2) conditional guilty plea."); *see also United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) ("[T]he government clearly preserved its defense by filing a motion to dismiss Nunez's appeal before filing its appellee's brief."); *United States v. Cortez*, 973 F.2d 764, 766 (9th Cir. 1992) ("The United States argues that Cortez' selective prosecution motion was waived both by Cortez' failure to file the claim before trial and his plea of guilty."). Here, the government not only failed to file a motion to dismiss, but also never argued for a waiver of appeal in its brief. When "the government fail[s] to raise this question in its brief or at oral argument, we decline to address it." *United States v. Lewis*, 798 F.2d 1250 (9th Cir. 1986), *amending United States v. Lewis*, 787 F.2d 1318 (9th Cir. 1986).

More importantly, we have previously held that "the government can waive the waiver" in cases where a defendant appeals despite a guilty plea. *United States v. Garcia-Lopez*, 309 F.3d 1121 (9th Cir. 2002). In *Garcia-Lopez*, the government properly moved to dismiss the appeal, and then explicitly waived the appeals bar in subsequent briefing. We held that "even if a defendant has waived his right to appeal in a plea agreement, we may nevertheless hear the appeal when the government has expressly waived its right to assert the defendant's waiver." *Id.*; *see also id.* at 1123 (the "government 'waived [its] waiver' argument by failing to raise it.")

(quoting *Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir. 1991) and citing *United States v. Lewis*, 798 F.2d 1250 (9th Cir. 1986)) (alteration in original)). In that case, express waiver was required because the government had preserved its rights by filing a motion to dismiss the appeal. We reasoned that "[i]f the government can 'waive waiver' *implicitly by failing to assert it*, certainly the government can do so *explicitly*, as occurred here." *Id.* (emphasis added).

Here, however, no express waiver is necessary because the government never asserted its right to rely on defendant's relinquishment of his appeal in the first place. Where the government has never asserted its rights, the issue is "whether the government can waive the waiver. We [have] h[e]ld that it can." *Id.* at 1122. We rendered a similar decision in *United States v. Doe*, 53 F.3d 1081 (9th Cir. 1995), holding that even if the defendant had relinquished his appeal rights by failing to appeal the imposition of supervised release until years after his sentencing, the waiver would not bar appeal unless the government so requested. "[Defendant's] [w]aiver does not divest the Court of jurisdiction it otherwise enjoys." *Id.* at 1082.

The majority distinguishes *Garcia-Lopez* on the grounds that the defendant in that case sought to appeal a sentencing determination that occurred after the plea, rather than the issue of guilt itself. Maj. Op. at 11908 n.2. But Garcia-Lopez's plea agreement expressly relinquished appeals for sentencing and guilt, provided the sentence fell within the guidelines. *Garcia-Lopez*, 309 F.3d at 1122 (quoting the plea agreement's provisions that "defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence"). Garcia-Lopez was sentenced within the guidelines, but appealed nonetheless. He did not allege any breach of the agreement, nor did he attack its validity. His appeal did not fall within the "narrow exception to waiver of the right to appeal" we have recognized in cases "where the sentence imposed is not in accordance with the

negotiated agreement." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (internal quotation marks omitted). Regardless of whether his claims arose from actions completed before or after the agreement, Garcia-Lopez expressly and effectively bargained away his appeal rights, just as Jacobo has, but was permitted to take them up again after the government declined to enforce the bar. We cannot distinguish his waiver from Jacobo's.

In fairness to the majority, I recognize that our cases are not entirely consistent and that there is language in our cases stating that "[w]e do not have jurisdiction to decide" post-plea appeals. *United States v. Carrasco*, 786 F.2d 1452, 1454 (9th Cir. 1986). A true jurisdictional bar, of course, would not be waivable. Our cases have not always been careful to explain whether the bar to post-plea appeal is a jurisdictional bar, a waiver, or some other kind of defense to appeal. *Compare, e.g.*, *Lopez-Armenta*, 400 F.3d at 1177 (discussing the plea bar as waiver); *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000) (discussing the appeals bar as a waiver and providing that "[t]he scope of a knowing and voluntary waiver is demonstrated by the express language of the plea agreement"); *Bolinger*, 940 F.2d at 480 (noting that "a negotiated plea of guilty" functions as "an express waiver of the right to appeal") *with*, *e.g.*, *Floyd*, 108 F.3d at 204 ("Unless Floyd's plea conformed with [the Federal] Rule's specific requirements [for a conditional plea], we have no jurisdiction to hear her appeal. Hence, we cannot reach the merits of her conviction."); *Carrasco*, 786 F.2d at 1453-54 ("We do not have jurisdiction to decide Carrasco's appeal . . . unless she entered a valid conditional plea."). We have sometimes muddled the categories within the same opinion. *See Reyes-Platero*, 224 F.3d at 1114 ("The government argues that Reyes-Platero waived these arguments by unconditionally pleading guilty. The implication of the government's argument is that we do not have jurisdiction . . . ."). The confusion

in our cases calls for rehearing en banc, not a simple vote by our panel.[1]

Absent clarification from the court, sitting en banc, I believe we are bound by *Garcia-Lopez*, and would hold that the government has relinquished its objections to Jacobo's appeal. I would, therefore, reach the merits of the appeal. On that score, I do not find Jacobo's claims persuasive. He cannot now appeal the admission of the firearms seized in a search of his house because he stipulated, at pleading, that the search was conducted pursuant to probable cause. *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005); *see also United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980) ("Unless a criminal defendant indicates objection at the time the stipulation is made, he or she is ordinarily bound by such stipulation.").

Because Jacobo did not object to preindictment delay at trial, we may only review this claim for plain error. *Estrella v. United States*, 429 F.2d 397, 399 (9th Cir. 1970). There is none here because Jacobo fails to even allege, much less prove, "actual, non-speculative prejudice from the delay." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992).

I would affirm the judgment of the district court.

---

[1]The confusion in our own cases is not aided by the Supreme Court's decisions in *Menna v. New York*, 423 U.S. 61 (1975), or *Tollett v. Henderson*, 411 U.S. 258 (1973). *See* Maj. Op. at 11908-09. At most, those cases suggest that "waiver" is not the appropriate term to describe when a defendant bargains away his appeal rights. But nothing in those cases suggests that relinquishment is jurisdictional. *See Menna*, 423 U.S. at 62 n.2; *Tollett*, 411 U.S. at 266-67.