**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cruz RUBALCAVA–RODRIGUEZ,
Defendant–Appellant.**

No. 05–30190.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 2006.*

Filed Dec. 12, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monte Stiles, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Leo N. Griffard, Jr., Esq., Boise, ID, for Defendant–Appellant.

Before: FERGUSON, O'SCANNLAIN, and FISHER, Circuit Judges.

### MEMORANDUM **

Cruz Rubalcava–Rodriguez ("Rubalcava") appeals from the district court's imposition of a 120–month sentence for being an alien found in the United States after having been previously removed, in violation of 8 U.S.C. § 1326. The facts are known to the parties and we do not repeat them here.

### I

Although Rubalcava entered into a plea agreement that expressly limited his right to appeal his sentence, the government fails specifically to argue that Rubalcava waived his right to appeal; thus this argument has been waived. *See United States v. Garcia–Lopez,* 309 F.3d 1121, 1122–23 (9th Cir.2002) (holding that where the government did not argue waiver of appeal in its briefs or at oral argument, the issue was waived). We therefore consider the merits of the district court's sentence.

### II

After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review the district court's sentencing under a two-step analysis. *United States v. Cantrell,* 433 F.3d 1269, 1279–81 (9th

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2006). First, we review whether the district court properly calculated the Sentencing Guidelines' range even though the court has discretion to impose a non-Guidelines sentence. *Id.* at 1279. We then consider whether the ultimate sentence imposed is reasonable in light of all of the factors set out in 18 U.S.C. § 3553, including the relevant Guidelines range. *Id.* at 1280.

### A

There is no dispute that the district court properly calculated the Guidelines range, relying upon the pre-sentence report to establish that Rodriguez was in Criminal History Category VI and his offense level was 21. As a result of these calculations, the suggested Guidelines imprisonment range was 77–96 months.

### B

■ Applying the 18 U.S.C. § 3553(a) factors, however, the district court felt that an above-Guidelines sentence was appropriate in this case. We have stated previously that "any post-*Booker* decision to sentence outside of the applicable guidelines range is subject to a unitary review for reasonableness, no matter how the district court styles its sentencing decision." *United States v. Mohamed,* 459 F.3d 979, 987 (9th Cir.2006).

In reaching its decision, the district court looked to the 18 U.S.C. § 3553(a) factors. The court first considered the defendant's criminal history, which includes convictions for driving under the influence, domestic assault, battery, and illegal reentry after deportation (twice). In addition, the district court considered the defendant's characteristics, including his recidivism. The court noted that while Rubalcava had only been convicted of illegal reentry twice, he had in fact been deported from the United States on seven separate occasions and had reentered the country after each deportation. Finally, the district court considered the need for deterrence and for protection of the public.

We conclude that the 120–month sentence imposed in this case is reasonable. We note that the sentence is only half of the statutory maximum of 20 years for a violation of 8 U.S.C. § 1326. We also note that the sentence represents only a two-year increase over the upper end of the Guidelines range, from the calculated 77–96 month range to 120 months. Because the district court has thoroughly explained its decision to deviate from the applicable sentencing range, and in light of Rubalcava's criminal history, his recidivism, the violent nature of some of his crimes, and the need to provide adequate deterrence, we find the sentence to be well within the range of reasonableness.

**AFFIRMED.**