**UNITED STATES of America, Plaintiff—Appellee,**

v.

**TIEN NGUYEN, Defendant—Appellant.**

**No. 08–10083.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed May 13, 2009.

---

Sue P. Fahami, Esquire, USRE—Office of the U.S. Attorney, Elizabeth A. Olson, Esquire, Assistant U.S., U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Dan C. Maloney, Esquire, Assistant Federal Public Defender, Federal Public Defender Michael K. Powell, Esquire, Assistant Federal Public Defender, FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: SCHROEDER, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

The memorandum disposition, *United States v. Nguyen,* 307 Fed.Appx. 117 (9th Cir.2009), is hereby withdrawn.

Tien Nguyen ("Nguyen") appeals his sentence for possession of stolen goods in violation of 18 U.S.C. §§ 2315 and 2. We reverse the district court's holding that Nguyen waived his right to object to his presentence report ("PSR"). We remand to the district court to reevaluate Nguyen's sentence based on the information now available concerning his 2003 California misdemeanor conviction.

■ Nguyen waived his right to appeal his sentence in a plea agreement. Yet the government did not raise appeal waiver in its briefs. We conclude that the government implicitly waived any appeal waiver argument it may have had and reach the merits of the case. *See United States v. Garcia–Lopez,* 309 F.3d 1121, 1122–23 (9th Cir.2002).

■ Nguyen showed good cause under Fed.R.Crim.P. 32(i)(1)(D) for first objecting to his PSR at his sentencing hearing. It was an abuse of discretion for the district court to not permit this late objection. Federal Rule of Criminal Procedure 32 requires that parties state any objections to the PSR within 14 days of receiving it.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Fed.R.Crim.P. 32(f)(1). These include objections to material "omitted from the report." *Id.* Nguyen did not object to the PSR's assessment of criminal history points against him until the sentencing hearing, which occurred 18 days after he received the PSR.

Federal Rule of Criminal Procedure 32(i)(1)(D) provides, "At sentencing, the court ... may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Nguyen had good cause for waiting until the sentencing hearing to object to the criminal history point assessed against him for his 2003 California misdemeanor conviction. The PSR did not describe the circumstances of the conviction and, instead, noted that "[f]urther information has been requested but not yet received." It was reasonable for Nguyen to await the receipt of that further information before determining whether an objection to the inclusion of that conviction for purposes of calculating criminal history was warranted.

When the time for sentencing arrived, however, no further information had been received and, in spite of the lack of any corroborating information, the district court chose to rely on that conviction in calculating Nguyen's criminal history. Nguyen objected to counting the 2003 California misdemeanor conviction, but the district court sustained the government's objection that, under Fed.R.Crim.P. 32(f)(1), Nguyen's objection was untimely. While it is true that, as the district court stated, the lack of supporting information was "obvious" when the PSR was delivered to counsel, that was not the only factor in play. The district court ignored the further fact that, in substance, the Probation Officer impliedly represented that further

information would be forthcoming. In these circumstances, it was not unreasonable for Nguyen to await the receipt of that further information before lodging any objection.

■ One less criminal history point would have placed Nguyen in criminal history category II, rather than III, which would have resulted in an advisory guideline range of 33–42 months, rather than 37–46 months. Because Nguyen was sentenced to 44 months' imprisonment, the failure to entertain Nguyen's late objection was undoubtedly prejudicial.

REVERSED and REMANDED.