MEMORANDUM **
Brian McLucas appeals from the district court’s order determining that it would not have imposed a materially different sentence following a limited remand pursuant *623 to United States v. Ameline, 409 F.3d 1073 (9th Cir.2005)(en banc). We have jurisdiction under 28 U.S.C. § 1291, and we remand.
The government asserts that this appeal is barred by McLucas’s appeal waiver. We conclude that the government has waived the waiver by requesting the Ameline remand. See United States v. Garcia-Lopez, 309 F.3d 1121, 1123 (9th Cir.2002).
McLucas contends that the district court failed to comply with our mandate under Ameline because it did not obtain the written views of counsel regarding resentenc-ing under the advisory Sentencing Guidelines before it issued its order responding to our remand. We remand because it is not apparent from this record that counsel had a meaningful opportunity to submit their written views on this issue. See United States v. Montgomery, 462 F.3d 1067, 1072 (9th Cir.2006) (“The court must implement both the letter and the spirit of the mandate”).
We do not reach McLucas’s remaining contention.
REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.