**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

DEC 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50281 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00084-RGK-1 |
| v. | |
| MARIA TRINIDAD HERNANDEZ, AKA Maria Cruz Nieves, AKA Maria Trinidad Nieves, AKA Maria Trinidad Nieves Morales, AKA Consuelo Pinon, AKA Consuelo Nieves Pinon, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 14, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and AMON,** District Judge.

Defendant-Appellant Maria Trinidad Hernandez appeals her conviction

following her conditional guilty plea of one count of illegal reentry in violation of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

18 U.S.C. § 1326. Specifically, Hernandez collaterally challenges, pursuant to § 1326(d), the deportation order that served as a predicate for her illegal reentry conviction. She argues that the order was "fundamentally unfair" because: (1) the Immigration Judge "affirmatively misled" her into believing she was not eligible for any relief from deportation; and (2) the Immigration Judge incorrectly characterized her prior methamphetamine conviction under California Health & Safety Code § 11378 as an "aggravated felony" that rendered her removable under 8 U.S.C. § 1227(a)(2)(A)(iii). She separately argues that the district court erred by applying a sixteen-level sentencing enhancement under the 2013 version of U.S.S.G. § 2L1.2(b)(1)(A) for having been convicted of a drug trafficking offense for which the sentence imposed exceeded thirteen months. For the reasons that follow, Hernandez's argument regarding the district judge's guidelines calculation was waived and her argument regarding the Immigration Judge's "affirmatively misleading" statements does not entitle her to relief. However, the aggravated felony issue cannot be resolved on the record before this Court and requires remand to the district court for further proceedings.

1. Hernandez admits that she waived her right to challenge her sentence in her plea agreement but "hopes" that the Government will "waive the waiver." Appellant's Supplemental Opening Brief at 13. The Government declined to do so. Government's Supplemental Answering Brief at 15. Because waiver of appellate

rights are generally enforceable, *United States v. Garcia-Lopez*, 309 F.3d 1121, 1122 (9th Cir. 2002), the Court declines to consider Hernandez's sentencing challenge.

2. In order to prove that her 2008 deportation proceedings were "fundamentally unfair," Hernandez must show that: (1) her "due process rights were violated by defects in her underlying deportation proceeding," and (2) "she suffered prejudice as a result of the defects." *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 756 (9th Cir. 2015). Hernandez contends that her due process rights were violated because the Immigration Judge told her "deportation is required" and that there was "no relief from deportation" when, in fact, she could have applied for a U-Visa under 8 U.S.C. § 1101(a)(15)(U)(i). Appellant's Excerpts of Record ("AER") 57. Assuming, arguendo, that these statements violated Hernandez's due process rights, Hernandez's claim must fail because she cannot establish prejudice.

To establish prejudice, Hernandez "does not have to show that [she] actually would have been granted relief" from deportation. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004). "Instead, [she] must only show that [she] had a 'plausible' ground for relief from deportation." *Id.* (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). Plausibility requires a showing "that relief was more than 'possible,'" but not a showing "that it was 'probable.'" *Cisneros-Rodriguez*, 813 F.3d at 761. Hernandez has not shown that

3

it was plausible that she would have received a U-Visa if the Immigration Judge had not made the allegedly misleading statements.

Hernandez's claimed entitlement to a U-Visa is not plausible. Her case presents less sympathetic facts than *Cisneros-Rodriguez*, where this Court described the issue of plausible entitlement to a U-Visa as a "close[] question." 813 F.3d at 761. At the time of her deportation, Hernandez had been sentenced on three occasions to substantial periods of incarceration whereas Cisneros "had never been sentenced to more than nine months in county jail" prior to the conviction which triggered her deportation. *Id.* at 762. And helpfulness to law enforcement is a prerequisite for obtaining a U-Visa. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(III). Cisneros "had also been a critical witness in" an extortion prosecution. *Cisneros-Rodriguez*, 813 F.3d at 762. Hernandez, on the other hand, does not appear to have been substantively helpful in the prosecution of her husband on domestic violence charges. When her son called the police on her husband, Hernandez initially cooperated when questioned, but did not want charges filed. She does not claim to have been a witness in proceedings against him.

Given that Hernandez has failed to establish that it was plausible that she would have received a U-Visa had the Immigration Judge not made allegedly misleading statements, Hernandez's U-Visa argument fails.

17-50281

3. In supplemental briefing, Hernandez also argues, based on the recent opinion *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), that her deportation proceedings were fundamentally unfair because her 2008 methamphetamine conviction under California Health and Safety Code § 11378 was not an "aggravated felony" that could support her removal under 8 U.S.C. § 1227(a)(2)(A)(iii). *Lorenzo* held that the definition of methamphetamine under California state law, California Health and Safety Code § 11055(d)(2) and § 11033, is broader than the definition under the Controlled Substances Act, 21 U.S.C. § 812 and § 802(14), and that this overbreadth was indivisible. 902 F.3d at 932–33. Specifically, *Lorenzo* recognized that where both geometric and optical isomers of methamphetamine are controlled under California state law, only optical isomers are controlled federally. *Id.* at 934–35. Based on this overbreadth, the *Lorenzo* court concluded that California Health and Safety Code § 11378 methamphetamine offenses were not "controlled substance offenses" under 8 U.S.C. § 1227(a)(2)(B)(i). Hernandez argues that because *Lorenzo* held her offense of conviction is not a "controlled substance offense," it also cannot be an "aggravated felony." *Cf. Medina-Lara v. Holder*, 771 F.3d 1106, 1119 n.11 (9th Cir. 2014) ("As we have noted, the agency held that the § 11351 conviction is both an aggravated felony and a controlled substance offense. Though these are two distinct holdings, we are able to consider them together because both turn on the same legal issue, namely, whether the list of California substances

17-50281

incorporated into § 11351 is overbroad compared to the federal Controlled Substances Act.").

Preliminarily, the Government contends that Hernandez waived this argument both by failing to raise it in her opening brief and by affirmatively waiving her right to appeal in her plea agreement. Neither contention has merit. Hernandez's failure to raise the issue in her opening brief is excused because "failure to do so would result in manifest injustice" if her conviction is upheld on an incorrect legal ruling. *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015) (citing *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)). And although Hernandez waived her appellate rights in her conditional plea agreement, AER 107, she preserved her right "to seek review of the adverse determination of [her] motion to dismiss the indictment under 8 U.S.C. § 1326(d)," AER 101–02. Appeal waivers must be construed narrowly and against the Government. *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016). Hernandez argued in the motion to dismiss that her methamphetamine conviction was not an aggravated felony. Her argument on appeal presents a different theory than raised below, but since it is part of the same claim, it has been preserved. *Cf. United States v. Pallares-Galan*, 359 F.3d 1088, 1094–95 (9th Cir. 2004).

On the merits, the Government challenges Hernandez's assertion that *Lorenzo* governs. It argues that any perceived overbreadth in California's definition of

6                                                                                    17-50281

methamphetamine is illusory because geometric isomers of methamphetamine (the source of the alleged overbreadth) do not exist. To support this contention, the Government has offered two affidavits purporting to show that "[m]ethamphetamine does not contain any chemical functionality or combination of chemical functionality that would permit a geometric isomer . . . ." D.E. # 39 at 11; *see also id.* at 13–14. The Government did not make this argument before the *Lorenzo* Court. *See* 902 F.3d at 937 ("The IJ concluded California and federal law were a match under the first step in the categorical approach because geometric isomers of methamphetamine do not exist. The IJ, however, did not substantiate that conclusion, the BIA did not adopt that rationale and the government does not advance a similar argument here. Nor is there evidence in the record to show that geometric isomers of methamphetamine do not in fact exist.").

At this stage of the litigation, the Court has an inadequate record to properly decide the consequences of the *Lorenzo* decision on Hernandez's case. The district court is a more appropriate forum to evaluate any expert testimony the parties wish to introduce and to address, in the first instance, the legal questions concerning *Lorenzo* and its consequences for this case.

* * *

For the foregoing reasons, Hernandez's sentencing and U-Visa challenges are rejected. The matter is **REMANDED** to the district court for further proceedings consistent with this disposition.