# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

No. 24-40378

United States of America,

*Plaintiff—Appellee*,

*versus*

Isaac Riojas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-698-1

Before Stewart, Dennis, and Haynes, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

At two in the morning, a man rolled through a stop sign. Officers recognized him. They smelled marijuana, searched his car, and found drugs. He moved to suppress the evidence. The district court denied his motion. He then pleaded guilty unconditionally.

Now he asks us to review the search. Ordinarily, that kind of appeal does not survive that kind of plea. An unconditional guilty plea waives prior, non-jurisdictional challenges, including suppression rulings. But the

No. 24-40378

government never invoked that waiver. And that silence raises a question we have not squarely answered: Must we raise the waiver on our own motion?

We decline to do so. A plea may waive a right. But a party's silence can waive the waiver. We therefore reach the merits and measure the government's search against the yardstick of the Constitution. In doing so, we conclude that the search was lawful. We AFFIRM.

I

At approximately 2:00 a.m. on September 10, 2020, Corpus Christi Police Officers Perez and Alfaro stopped Isaac Riojas after observing him roll through a stop sign. Riojas was known to the officers from prior investigations. Officer Perez testified that Riojas had a "lengthy history of weapons charges" and was suspected in other crimes. Given that history, the officers approached his vehicle with caution.

As they neared, Riojas opened the car door and threw his keys outside. Officer Perez observed Riojas reach toward the center console and "mess[] with something on his righthand side." Concerned, the officers told him to stop moving. Perez testified that when Riojas opened the door, a "very strong" odor of marijuana emerged from his vehicle. He also noticed ashes on Riojas's lap.

Riojas was detained and handcuffed. Officer Perez then claimed to see what he believed to be a pipe. It was later confirmed to be a cylindrical lighter. Another officer then observed a "roach"—a slang term for a partially smoked marijuana joint—on the driver's side floorboard. Officers searched the vehicle and recovered multiple bags of synthetic cannabinoid, marijuana, and methamphetamine.

Riojas was arrested. A federal grand jury charged him with one count of possession with intent to distribute more than 50 grams of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Riojas moved to suppress the evidence recovered from the vehicle, arguing the search was unsupported by probable cause. The government opposed the motion, citing the smell of marijuana and the "roach" visible on the floorboard.

The district court admitted the officers' bodycam footage and heard testimony from Officer Perez, a seven-year veteran of the department who testified to his extensive experience with marijuana-related stops. He described the odor as "very strong"—the kind produced when a person is actively smoking inside a vehicle, as opposed to lingering traces. He testified that officers searched the vehicle based on the odor and the presence of the marijuana joint. According to Perez, "once we smell marijuana emitting from the vehicle, we have probable cause to search the vehicle."

Following supplemental briefing, the district court denied the motion to suppress. It held that the search fell within the automobile exception to the Fourth Amendment. Thereafter, Riojas entered an unconditional guilty plea and was sentenced to 121 months of imprisonment. Riojas timely appealed.

II

In reviewing the district court's ruling on a motion to suppress, we review its fact findings for clear error and its legal conclusions *de novo*. *United States v. Glenn*, 931 F.3d 424, 428 (5th Cir. 2019). In doing so, we view the evidence in the light most favorable to the party who prevailed below. *United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014). We may also affirm a judgment in a criminal case "on any basis supported by the record." *United States v. Holdman*, 75 F.4th 514, 519 (5th Cir. 2023) (citing *United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006)).

No. 24-40378

### III

Two questions are before us. First, do we have appellate jurisdiction considering Riojas's unconditional guilty plea? Second, did the district court err in finding probable cause for the warrantless search of his car? We take each in turn.

### A

The government offered Riojas a conditional plea, but he declined it. Instead, he pleaded guilty unconditionally. That choice carries consequences. By pleading guilty unconditionally, Riojas "waive[d] all non-jurisdictional defects in the trial court proceedings," including the denial of a suppression motion. *United States v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006). As the Supreme Court has put it, an unconditional guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Once a defendant admits guilt in open court, he may not relitigate earlier constitutional violations. *Id.*

Riojas did not reserve the suppression issue in a plea agreement or at the plea colloquy. He waived it. Yet the government never invoked that waiver on appeal. That omission presents an issue of first impression for this court: Must we raise waiver *sua sponte* where an unconditional guilty plea would otherwise preclude appellate review?

On that point, our sister circuits split. The Seventh Circuit treats an unconditional guilty plea as jurisdictional and enforces it *sua sponte*. *See United States v. Combs*, 657 F.3d 565, 568–71 (7th Cir. 2011) (per curiam). The Ninth and Tenth Circuits disagree. They treat the plea as a non-jurisdictional bar—a waivable claim-processing rule. *See United States v.*

4

*Jacobo Castillo*, 496 F.3d 947, 951–57 (9th Cir. 2007) (en banc); *United States v. De Vaughn*, 694 F.3d 1141, 1154–58 (10th Cir. 2012).[1]

In *Jacobo Castillo*, the Ninth Circuit faced a case strikingly like this one. The defendant pleaded guilty unconditionally and then appealed based on pre-indictment delay and alleged Fourth Amendment violations. 496 F.3d at 950–51. The government, as the court noted, "[i]nexplicably . . . did not assert [the defendant's] plea agreement as a bar to his appeal." *Id.* at 951. A panel initially dismissed for lack of jurisdiction. *See United States v. Castillo*, 464 F.3d 988, 988 (9th Cir. 2006). Sitting *en banc*, the court reversed. It held that "a valid guilty plea does not deprive the court of jurisdiction." *Jacobo Castillo*, 496 F.3d at 949. The court emphasized that it retained authority under 28 U.S.C. § 1291 to review "all final decisions of the district courts of the United States." *Id.* (internal quotation omitted). It reasoned that unless another statute strips jurisdiction, the guilty plea does not. *Id.*

Judge Callahan was the sole dissenter. She reasoned that the guilty plea mooted the case. *Id.* at 957 (Callahan, J., dissenting). She wrote that *Tollett* "makes clear that a guilty plea 'forecloses independent inquiry' into 'claimed antecedent constitutional violations,' not by virtue of a waiver, but because an unconditional guilty plea breaks the chain of events in a criminal proceeding." *Id.* at 958 (quoting *Tollett*, 411 U.S. at 266). That conclusion drew further support from *Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam), which explained that a guilty plea does not waive pre-plea issues—it simply removes them from the case. On that logic, Judge Callahan concluded that a guilty plea "moots any claims of pre-plea constitutional

---

[1] *See also United States v. Cheney*, 571 F.3d 764, 769 (8th Cir.2009) ("[T]he government does not contend that [the defendant]'s guilty plea bars him from challenging the factual basis for his plea-in effect, waiving any claim to rely on a possible waiver by [the defendant]." (internal citation omitted)).

violations that do not affect the voluntary and intelligent nature of the guilty plea." *Jacobo Castillo*, 496 F.3d at 958 (Callahan, J., dissenting).

The Seventh Circuit followed that view. In *Combs*, the defendant pleaded guilty after losing his suppression motion. 657 F.3d at 567–68. On appeal, the government again failed to raise waiver. *Id.* at 568. The court raised it on its own. It concluded that the plea deprived the court of jurisdiction. *Id.* at 571. The court noted it was "inclined to agree" with Judge Callahan that pre-plea challenges do not present a justiciable controversy. *Id.* It added that Rule 11(a)(2) of the Federal Rules of Criminal Procedure requires district court consent to any conditional plea. *Id.* Allowing appeal without that consent, the court reasoned, would "usurp the district court's independent right to accept or reject a conditional plea." *Id.* That appeal was dismissed. *Id.*

The Tenth Circuit took a different course. It endorsed the Ninth Circuit's view, with refinement. In *De Vaughn*, the court held that "an unconditional plea always bars the appeal of particular issues, such as the denial of a suppression motion." 694 F.3d at 1157. But, it emphasized, that bar does not "moot[] all appeals brought on those grounds." *Id.* The court recognized narrow exceptions. A defendant who pleads guilty may still challenge his plea on grounds such as vindictive prosecution, double jeopardy, or voluntariness. *Id.* (collecting cases). That holding was reaffirmed in *United States v. Spaeth*, where the Tenth Circuit catalogued four exceptions to the *Tollett* bar: (1) vindictive prosecution; (2) double jeopardy; (3) a statutory right to appeal; and (4) a facial attack on the constitutionality of the statute of conviction. 69 F.4th 1190, 1203–04 (10th Cir. 2023) (collecting cases), *cert. denied*, 144 S. Ct. 1355 (2024).

We have not yet taken a side in the circuit split. But our precedent speaks clearly. "[B]y entering a plea of guilty, a defendant ordinarily waives

all non-jurisdictional defects in the proceedings below." *United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008) (quoting *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992)). "If the record contains no manifestation of a reservation of appellate rights," we presume the plea was unconditional. *Id.* (same). This rule—the doctrine of waiver-by-guilty-plea—applies to suppression rulings. *Id.* at 243; *United States v. Sanchez Guerrero*, 546 F.3d 328, 331 (5th Cir. 2008) (collecting cases). But in *Sealed Appellant* and *Sanchez Guerrero*, the government raised the waiver. So we never addressed whether we were required to raise it ourselves. What we did do was enforce the waiver and affirm the district court's judgment. We did not dismiss the appeal.

The government here never raised waiver until we requested that the parties file supplemental letter briefs on whether we must raise the waiver *sua sponte*. In its supplemental letter brief, the government now argues that this court should "examine a plea agreement sua sponte to determine if it will hear a defendant's claims." *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001). But *Martinez* does not help their cause. There, the government expressly argued that the plea agreement waived appellate rights. *Id.* at 437. The defendant said nothing in reply. At oral argument, the government reiterated its position, asserting that the defendant had "waived any right to argue" the issue. *Id.* That sequence matters. The government in *Martinez* raised the waiver, unlike here.

We noted there that "a defendant waives an issue if he fails to adequately brief it." *Id.* at 438. And we exercised our Rule 28 discretion to consider whether the claim had been preserved. We did say, in passing, that "the defendant's waiver of his right to appeal would deprive us of jurisdiction." *Id.* (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). But the dicta in *Martinez* cannot support the government's position

here. There, we reviewed the record to assure ourselves of jurisdiction. Here, the government has not invoked waiver at all.

*Henderson* illustrates the point. There, the government moved to dismiss the appeal on jurisdictional grounds, arguing that the defendant waived his appellate rights through the plea agreement. 72 F.3d at 464. We disagreed. We reviewed the agreement and found that it "did not preclude his appeal." *Id.* at 465. We denied the government's motion and dismissed the appeal under Fifth Circuit Rule 42.2 because it "raise[d] no issue of arguable merit." *Id.* at 466. *Henderson* did not hold that a waiver of appeal strips this court of subject-matter jurisdiction. *See generally* 72 F.3d at 463–66. That principle remains settled.

Subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). That power must come from Congress and must remain within constitutional bounds. *See Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011). It cannot be waived or forfeited. *Id.*

"No action of the parties can confer subject-matter jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Nor can they take it away. "Parties may neither confer subject matter jurisdiction on the [federal] court nor strip it of such jurisdiction by agreement or waiver." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012) (quoting *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993)) (cleaned up). Several of our sister circuits agree with us. *See Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023) (holding that "parties have no power by private contract to oust a federal court of subject matter jurisdiction otherwise obtaining" (cleaned up)); *Newman v. Avco Corp. Aerospace Structures Div., Nashville, Tenn.*, 451 F.2d 743, 746 (6th Cir. 1971) (holding

that "[p]rivate parties cannot by private contract deprive" a federal court of jurisdiction); *United Fuel Gas Co. v. Columbian Fuel Corp.*, 165 F.2d 746, 749 (4th Cir. 1948) ("[P]arties cannot by contract oust the federal courts of their statutory jurisdiction." (collecting cases)).

That brings us to how we analyze an unconditional guilty plea. It acts, in legal effect, as an appeal waiver over "all non-jurisdictional defects in the trial court proceedings." *Coil*, 442 F.3d at 914. The Supreme Court has taken the same view. In *Garza v. Idaho*, it reasoned that "even a waived appellate claim can still go forward if the prosecution forfeits or *waives the waiver*." 586 U.S. 232, 238–39 (2019) (emphasis added) (citing *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006)). Our sister circuits have followed suit. *See, e.g.*, *United States v. Obak*, 884 F.3d 934, 937 (9th Cir. 2018) ("So the government waived its ability to rely on [the defendant]'s waiver." (citing *United States v. Garcia–Lopez*, 309 F.3d 1121, 1122 (9th Cir. 2002)); *United States v. Ortega-Hernandez*, 804 F.3d 447, 451 (D.C. Cir. 2015) ("By declining to raise the argument on appeal, the government may waive the appeal waiver's bar against appellate review." (internal citation omitted)); *United States v. Goodson*, 544 F.3d 529, 534 (3d Cir. 2008) (acknowledging that "an appellate waiver may have no bearing on an appeal if the government does not invoke its terms").

Given that the government can waive a defendant's waiver, we have long held that appeal waivers lack jurisdictional effects. *See United States v. Lucas*, 134 F.4th 810, 815 (5th Cir. 2025) (holding that "appeal waivers are not jurisdictional" (citing *United States v. Borino*, 123 F.4th 233, 239 n.1 (5th Cir. 2024) (collecting cases)); *United States v. Lehew*, 132 F.4th 381, 384 (5th Cir. 2025) ("An appeal waiver, even if applicable, does not deprive this court of jurisdiction." (quoting *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019)); *United States v. Madrid*, 978 F.3d 201, 205–06 (5th Cir. 2020) ("Moreover, though the waiver applies in [the defendant]'s case, we

recognize that an appeal waiver does not deprive us of jurisdiction." (citing *Story*, 439 F.3d at 330)).

Considering these principles, we assess our jurisdiction in the usual manner. We look to 28 U.S.C. § 1291, which gives us jurisdiction over "all final decisions of the district courts of the United States." A decision is final when "the court disassociates itself from a case," or when it resolves an issue "separate from the merits" and "effectively unreviewable on appeal from the final judgment." *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1024 (5th Cir. 2022) (quoting *Burge v. Par. of St. Tammany*, 187 F.3d 452, 476 (5th Cir. 1999)). More plainly, a decision is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988)). In a criminal case, that point comes with sentencing. *Corey v. United States*, 375 U.S. 169, 174 (1963) ("The sentence is the judgment." (internal quotation omitted)).

The district court here checked every box. It denied the suppression motion. It accepted Riojas's unconditional guilty plea after confirming that it was made knowingly and voluntarily. It sentenced him to 121 months in prison. It entered final judgment and recommended a facility. There is nothing left to do. *Cunningham*, 527 U.S. at 204. The judgment is final. *Corey*, 375 U.S. at 174.

As for the government's role on appeal, it said nothing. It did not raise waiver. It did not cite the plea. So, it "forfeite[d] the waiver." *See Garza*, 586

No. 24-40378

U.S. at 239;[2] *see Story*, 439 F.3d at 231. We hold that we have jurisdiction, and the government forfeited Riojas's waiver. We thus move on to the merits.

B

Having ensured ourselves of jurisdiction does not save Riojas's case. We now consider whether the district court erred in concluding that the police had probable cause to conduct a warrantless search of Riojas' car. Riojas says that the district court focused its analysis "on the mistake belief that the lighter was drug paraphernalia." In his view, the district court did not apply the "appropriate standard [of] the Plain View Doctrine and erred in its ruling." He argues that Officer Perez's observation that his lighter was a "pipe or drug paraphernalia" was an unreasonable mistake because "it would have merely taken a second to examine the lighter prior to the search." Even if Riojas is correct that the district court erred in not applying the appropriate standards of the plain view doctrine, another Fourth Amendment warrant exception applies here—the automobile exception. *United States v. Clayton*, 98 F.4th 256, 263 (5th Cir. 2024). Considering that this exception applies here, we disagree with his theory.

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. CONST. amend. IV. It guarantees us the right to "be secure against unreasonable searches and seizures in [our] own person[s], house[s], papers, and effects." *Minnesota v. Carter*, 525 U.S. 83, 92 (1998) (Scalia, J., concurring). When an official searches one's private effects, he typically

---

[2] We intentionally use the term "forfeited" here. That is because, in its letter brief on this issue, the government said that it inadvertently overlooked Riojas's unconditional guilty plea. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 n.1 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." (cleaned up)).

requires a warrant supported by probable cause. *See Clayton*, 98 F.4th at 261. In protecting these interests and properly limiting state action on the use of searches and seizures, the Supreme Court adopted an "exclusionary rule" requiring the suppression of evidence obtained in violation of the Fourth Amendment. *United States v. Calandra*, 414 U.S. 338, 347 (1974); *see also* Henry P. Monaghan, Foreword: Constitutional Common Law, 89 Harv. L. Rev. 1, 3 (1975) ("The [Court] justified the exclusionary rule as a [F]ourth [A]mendment remedy on a number of grounds, but ultimately held the rule binding upon the states because it was an essential part of the right to privacy protected by the due process clause of the fourteenth amendment." (internal quotations omitted)). With that understanding, "a warrantless search is presumptively unreasonable unless the circumstances fall under an exception to the Fourth Amendment's warrant requirement." *Clayton*, 98 F.4th at 261 (citing *United States v. Guzman*, 739 F.3d 241, 245–46 (5th Cir. 2014)).

As with most rules, this one has exceptions. One exception applies to automobiles. That exception permits "a warrantless search of a readily mobile vehicle . . . when law enforcement has probable cause to believe the vehicle contains contraband or evidence of a crime." *Id.* at 263. "A law enforcement officer has 'probable cause to conduct a search when the facts available to [him] would warrant a [person] of reasonable caution in the belief that contraband or evidence of a crime is present.'" *Id.* (quoting *Florida v. Harris*, 568 U.S. 237, 243 (2013)). The totality of the circumstances determines probable cause. *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006); *see, e.g.*, *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995) (concluding there was probable cause to search a car based in part on the officer's experience and training in detection of marijuana by its odor).

The officers here had probable cause to search Riojas' car. Riojas committed a traffic violation by rolling through a stop sign. *See United States*

*v. Rosales-Giron*, 592 F. App'x 246, 251 (5th Cir. 2014) (unpublished) ("[P]robable cause to make a traffic stop exists, *inter alia*, when a defendant commits a traffic violation and a law-enforcement officer observes the violation."). That justified the stop, and what followed justified the search.

By way of further context, Officer Perez served seven years on the force and had encountered marijuana hundreds of times. *See McSween*, 53 F.3d at 686. He also knew Riojas from prior investigations. *See id.* (holding that a determination of probable cause was supported by the officer's knowledge of the defendant's "four prior arrests on narcotics charges."). As the officers approached the vehicle, Riojas opened his door and threw something out. Officer Perez noticed ashes on Riojas' lap. He smelled marijuana when Riojas opened the door. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999) (holding "the smell of mari[j]uana alone may constitute probable cause to search a vehicle."). He observed the partially smoked marijuana joint on the floorboard. For these reasons, we hold that the automobile exception applies here, the search was lawful, and the motion to suppress was properly denied.[3]

## IV

Given the foregoing reasons, we AFFIRM.

---

[3] Because we have decided that the automobile exception applies and affirm the district court on this theory, we need not decide whether the district court erred in considering the plain view exception. We therefore do not discuss it herein.