# United States Court of Appeals for the Fifth Circuit

No. 25-50424
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAIME NOE CEBALLOS MATURIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-1416-1

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Jaime Noe Ceballos Maturin pleaded guilty to smuggling ammunition from the United States into Mexico and to conspiring with another person to do so.[1] He was sentenced to two concurrent prison terms of 24 months and three years of supervised release. He now appeals on two grounds.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] *See* 18 U.S.C. §§ 371 (regarding conspiracies to commit "any offense against the United States"), 554(a) (criminalizing smuggling).

No. 25-50424

First, Ceballos Maturin questions the validity of his indictment. But his unconditional guilty plea waived his challenges to the indictment, so we need not address them on appeal.[2]

Second, Ceballos Maturin argues for the first time on appeal that the district court erred under criminal Rule 11(b)(1)(G) by failing to advise him of an element of his § 554(a) offense—namely, that he "understood that to be guilty of the charged conduct, he had to be aware, prior to attempting to export the ammunition, that he needed to have an export license to do so."[3] For the same reason, he argues the district court failed to ensure a sufficient factual basis for the plea.[4] We review for plain error,[5] meaning "(1) an error; (2) that is clear or obvious; and (3) affects the defendant's substantial rights."[6]

This appeal fails at the first step of our plain-error review: contrary to Ceballos Maturin's argument under § 554(a), there is no requirement that the Government prove he "knew that the ammunition was an item for which an export license was required and intended to export the weapons without

---

[2] *See United States v. Riojas*, 139 F.4th 465, 472–73 (5th Cir. 2025); *United States v. Medel-Guadalupe*, 987 F.3d 424, 428 (5th Cir. 2021) (per curiam).

[3] *See* FED. R. CRIM. P. 11(b)(1)(G) ("Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: . . . the nature of each charge to which the defendant is pleading[.]").

[4] *See* FED. R. CRIM. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").

[5] *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[6] *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

No. 25-50424

the license."[7] Thus under our caselaw, the element Ceballos Maturin faults the district court for omitting is not actually an element of the crime. Because he has not identified any error by the district court in this regard, much less clear error, the judgment of the district court is AFFIRMED.

_____

[7] *United States v. Cardenas*, 810 F.3d 373, 374 (5th Cir. 2016) (per curiam).